By the Court.
 

 This is an action in mandamus, instituted in this court, praying for a writ compelling the respondent, as director of the depart
 
 *123
 
 ment of industrial relations, to recognize the relator as the lawful incumbent of a position designated as branch office manager of Dayton, Ohio.
 

 The cause was heard upon the pleadings and the evidence. It appears that on September 24, 1923, the relator was appointed to a position designated as branch office manager, at Cleveland, Ohio, in the department of industrial relations. His appointment was made from an eligible list certified to by the civil service commission. On June 1, 1924, he was transferred to Dayton, Ohio, to a position designated as branch office manager of that place. On April 23, 1925, the relator was notified by letter from the respondent that the position of branch office manager, Dayton branch office, was abolished for the good of the department and economy purposes. In that communication the relator was asked to “turn over the keys and other effects which belong to said Dayton branch office to Mr. Chester Gaver, who will for the present be the acting deputy in charge.” The civil service commission was, on April 23,1925, advised of his action by the director. Five days later the commission notified the director that the abolishment of said position had been duly entered upon the pay roll records of the commission, and that the commission had directed the name of the relator to be restored to the veterans’ register.
 

 It is admitted that no charges were filed or hearing had before the civil service commission pursuant to the provisions of the General Code. In his answer the respondent relies upon a defense alleging that the position of branch office manager at Dayton has been abolished by him, and that “the
 
 *124
 
 duties and functions of said position have been, discontinued, and the salary that was paid to the incumbent is no longer being expended; the same having been done for the good of the department and economy purposes.”
 

 The facts disclose that the relator was appointed from an eligible list, certified by the civil service commission, to the position named. His tenure, as an occupant of that office, was protected by the provisions of Section 486-17a, General Code. Under that section he was subject to removal for acts of misfeasance, malfeasance, or nonfeasance in office. On April 23, 1925, while still an- incumbent, the relator was advised that the position was abolished and that his services were no longer needed.
 

 Respondent’s answer justifies his action solely under the claim that the position of branch office manager at Dayton, Ohio, was abolished. Counsel for relator concede that, in the absence of civil service or other legal restrictions, the power to create an office carries with it the implied power to abolish it. If the office was in fact abolished, we have no doubt that the purpose of effecting economies would justify such an act. However, such an officer, being under the protection of the civil service, may not be removed under the guise of abolishing his office. The letter of the director, notifying the relator of the claimed abolishment, asked the relator to turn over the keys and other effects to one Chester Gaver, who would be the acting deputy in charge. Acting deputy for whom? No rearrangement of the branch offices was shown, by which Gaver was to act as deputy under any of the other six branch managers in the state. The
 
 *125
 
 plain intimation of the letter is that Graver was to be acting deputy under the office from which the incumbent was dismissed. It is true that Graver was later given the position of “claim investigator,” at a salary of $1,560 per year, and that salary readjustments were made at the Dayton branch, so as to save the state the sum of $440 a year, which certainly was worthy of accomplishment; but the fact remains that Gaver had charge of the office and its paraphernalia, performed the same functions that relator has previously performed, apparently covered the same territory, and continued to act as deputy in an office claimed to be abolished. The whole record sustains the claim that what was really done was to readjust the salaries covering the Dayton branch—leaving the office intact, but its incumbent dismissed—and to displace the incumbent for another, who, while assuming to act as deputy, actually performed the same duties as had been previously performed by the relator, and none other.
 

 We are of the opinion that, under the facts disclosed by the record, there was no abolishment of the office. A peremptory writ of mandamus will therefore issue as prayed for.
 

 Writ allowed.
 

 Marshall, C. J., J ones, Matthias, Day, Allen and Robinson, JJ., concur.