Jones, J.
 

 The relator knew that he was removed by the director on March 3, 1923; he also knew that
 
 *359
 
 the civil service commission, during the period of the controversy between it and the director, insisted that the relator was entitled to his official tenure until discharged according to the provisions of the civil service law. The director and the relator both were definitely advised of that fact on April 5, 1923. Although the dispute between the director and the commission continued until the midsummer of that year, the relator could have brought his action for restoration, under the facts developed, as early as April, 1923. He delayed bringing, his action' therefor until more than two years thereafter. His petition was not filed until June 30,1925. Taking advantage of his own laches, the relator now seeks, not only restoration, but his compensation, meanwhile accruing, amounting to $3,487.50 at the time of filing his petition.
 

 In cases of this character, the issuance of the extraordinary writ of mandamus rests in the sound discretion of the court. In the exercise of such discretion it may refuse to issue the writ in favor of the relator who has inexcusably allowed an unreasonable time to elapse before bringing his action, especially where such delay may be prejudicial to the rights of the respondent. This principle is fully sustained by text and authority. 18 Ruling Case Law, p. 335; 38 Corpus Juris, 833;
 
 Chinn
 
 v.
 
 Trustees,
 
 32 Ohio St., 236.
 

 A respondent often might be seriously prejudiced, if, after restoration, a relator should be permitted to use the judgment of the court as a basis for his recovery of continued compensation over a long period of time, a plight which could be avoided by seasonably bringing his action.
 

 
 *360
 
 The item of expense amounting to $9.99, incurred by tbe relator previous to March 6, 1923, under the agreed statement of facts, is a valid item due the relator and should be paid; but the respondent is not here contesting the payment of that expense.
 

 Under the circumstances presented by this record we are of opinion that relator’s delay in bringing this action was an unreasonable one, and we would not be justified in issuing the writ asked for.
 

 Writ denied.
 

 Marshall, C. J., Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.