By the Court.
The relatrix apparently bases her claim for an increased award upon the ground that the method of computation of her award when granted by the commission in 1922 was erroneous, or- that the method of ascertainment of the average weekly wage was incorrect, and seeks to have her claim reconsidered and a rule of ascertainment of weekly wage applied which would result in a higher award than was made by the Industrial Commission.
The assertion of this claim and the insistence at this late day upon a writ of mandamus to compel a review by the Industrial Commission of its action in 1922 concededly is prompted by the decision of this court in the case of State, ex rel. Kildow, v. Industrial Commission, 128 Ohio St., 573, 192 N. E., 873, where the court sustained the Industrial Commission in disregarding its previously adopted rule using “the full weekly wage * * * at time of injury” as the basis of computation of award to an injured employee instead of “the average weekly wage of the injured person at the time of the injury” as required by statute, but *155 held that the statute did uot contemplate that a six months’ period be considered in the ascertainment of “the average weekly wage * * # at the time of the injury.” An adjustment of the compensation award in accordance with such construction of the statute was accordingly directed.
More than twelve and a half years have elapsed since the right of action accrued to the relatrix which is now sought to be asserted, for her right to contest the award arose in 1922. The award was made and the amount thereof fixed and determined upon the facts then before the commission under the law as long interpreted and applied by it. If contended that it continued available by reason of the continuing jurisdiction of the Industrial Commission, it must be observed* that more than four and a half years have elapsed since the award was fully paid and the case was closed. In the meantime premiums based upon awards made were assessed upon then existing industries in accordance with statute. The award of additional sums after a long lapse of time would result in the imposition of the burden thereof upon industries in existence now instead of those at the time contemplated by statute. The issuance of the extraordinary writ of mandamus rests in the sound discretion of the court. The application therefor must be timely and the right of the relatrix to the relief must be clear. Where an unreasonable time has elapsed, and particularly when the allowance, after such delay would be prejudicial to the right of the defendant, it will be refused. 25 Ohio Jurisprudence, 1177, Section 239; State, ex rel. Smith, v. Witter, Dir. of Dept. of Industrial Relations, 114 Ohio St., 357, 151 N. E., 192. The demurrer to the second defense of the answer is therefore overruled. It having been conceded that disposi *156 tion of this demurrer is decisive of the case, the writ is denied and the petition is dismissed.

Writ denied.

Weygandt, C. J., Stephenson, Williams, Matthias, Day and Zimmerman, JJ., concur.
Jones, J., not participating.