Matthias, J.
 

 The question presented is merely whether, under the civil service laws of Ohio, a position may be abolished and the duties thereof combined with another position which at that time is being
 
 *16
 
 held by a civil service employee appointed provisionally when such abolishment results in the discharge of a civil service employee holding her position as the result of a competitive examination.
 

 It is well established in Ohio that the power to create a position in the civil service includes the power to abolish the position, particularly where the purpose of the abolishment of such position is that of economy or improvement in the public service. 7 Ohio Jurisprudence, 594, Section 87;
 
 Curtis, Safety Dir.,
 
 v.
 
 State, ex rel. Morgan,
 
 108 Ohio St., 292, 140 N. E., 522;
 
 Vansuch, Dir. of Pub. Safety & Service,
 
 v.
 
 State, ex rel. Fetch,
 
 112 Ohio St., 688, 148 N. E., 232;
 
 State, ex rel. Miller,
 
 v.
 
 Witter, Dir. of Dept. of Indus. Relations,
 
 114 Ohio St., 122, 150 N. E., 431.
 

 The evidence in the record does not indicate that the consolidation of the two positions and the assignment of the duties theretofore performed by Miss Stine to Mrs. Hixenbaugh were for the reason or purpose of any improper or unlawful discrimination against Miss Stine.
 

 The sole remaining question is whether the fact that Mrs. Hixenbaugh was at the time a provisional appointee affects the legality of the transaction. It recently has been held that a provisional employee is an employee within the civil service law and has tenure of office until a successor is duly appointed from an eligible list resulting from a competitive examination. Hence, the rights of the provisional appointee are the same as those of the person appointed as the result of a competitive examination except that the former may be displaced when a properly qualified civil service employee who has acquired eligibility by competitive examination is appointed to succeed him.
 

 An order abolishing a civil service position is ineffective where a new appointee is named to perform the same duties; but where there is a substantial merger of two positions for the purpose of economy with
 
 *17
 
 no proof of ulterior motive or purpose on the part of the employing officer, or discrimination upon political, religious or other improper grounds, a writ of mandamus will not be granted to require reinstatement of an employee discharged as a result of such merger.
 

 Writ denied.
 

 Weygandt, C. J., Day, Williams and Hart, JJ., concur.