*424
 
 By the Court.
 

 Although the members of the Board of Tax Appeals and the Civil Service Commission are named as respondents, the brief of counsel for relator presents no question of law arising from the allegations as to those two bodies.
 

 These three questions are propounded in the brief for relator: First, did the respondent Tax Commissioner have any legal right to supplant the relator with Maddux through the device of calling him a deputy? Second, was there really a‘consolidation of positions for the purpose of economy and was relator’s position abolished in good faith as a result thereof, or was there a mere manipulation of positions and titles for the purpose of getting rid of relator and replacing him? Third, was any economy intended or effected by the change?
 

 As to the first question, paragraph 11 of Section 1464-3, General Code (118 Ohio Laws, 346), authorizes the Tax Commissioner to appoint five deputy tax commissioners. The respondent Tax Commissioner made an appointment pursuant to that statutory authorization and the record reveals no supplanting through the device of calling an appointee a deputy.
 

 As to the second and third questions, the record discloses a consolidation of positions, the abolishment of relator’s position in good faith and an economy effected.
 

 The law involved in this proceeding was declared in
 
 State, ex rel. Stine,
 
 v.
 
 McCaw, Chief of Div. of Aid for Aged,
 
 137 Ohio St., 13, 27 N. E. (2d), 488.
 

 A writ of mandamus will be denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.