By the Court.
 

 Counsel for appellees raises only two questions in support of the motion to dismiss this appeal. First, were the appellants necessary and proper parties to the mandamus proceeding and, if so,
 
 *448
 
 did the Court of Appeals abuse its discretion in refusing to allow them to intervene? Second, was the entry from which this appeal was taken a final order ?
 

 Counsel for appellants submit that these additional propositions are involved: First, error by the Court of Appeals in sustaining a demurrer which set up an affirmative defense; second, laches by present appellants in not endeavoring to intervene prior to the rendition of judgment by the Court of Appeals in the mandamus proceeding; and, third, whether the adjudication of the first injunction action (No. A-59238) precluded the taxpayers’ injunction proceeding (No. A-72585).
 

 The refusal to permit a
 
 necessary party
 
 to intervene constitutes a final order under Section 12223-3, General Code, in that the denial affects a substantial right of such party.
 

 Were the appellants
 
 necessary parties
 
 within Section 11255, General Code, which provides for the joinder of defendants? That section reads:
 

 “Any person may be made a defendant who has or claims an interest in the controversy
 
 adverse to
 
 the plaintiff, or who is a
 
 necessary party
 
 to a complete determination of a question involved therein.” (Italics ours.)
 

 The appellants claimed an interest adverse to the relators in the mandamus proceeding in the Court of Appeals. However, the interest of the appellants was not adverse to that of the Board of Education of Berea Rural School District in the first injunction proceeding. The present appellants were content to abide by the judgment of the Court of Common Pleas in the first injunction case and to anticipate a favorable judgment by the Court of Appeals or this court before instituting the second injunction suit. Although the present appellants were not guilty of laches in the mandamus proceedings, that doctrine applies to their conduct with reference to the first action to enjoin the con
 
 *449
 
 solidation.
 
 Chinn v. Trustees,
 
 32 Ohio St., 236;
 
 State, ex rel. Smith,
 
 v.
 
 Witter, Dir.,
 
 114 Ohio St., 357, 151 N. E., 192.
 

 The motion to dismiss the appeal will he sustained.
 

 Motion sustained.
 

 Weygandt, O. J., Turnee, Williams, Hart, Zimmerman and Bettman, JJ., concur.
 

 Matthias, J., not participating.