DeREMER, APPELLANT, *v.* BOARD OF EDUCATION OF AKRON CITY SCHOOL DISTRICT, APPELLEE.

(No. 3564—Decided April 27, 1943.)

*Mr. Scott A. Belden,* for appellant.
*Mr. A. F. O'Neil,* director of law, *Mr. Clyde B. Macdonald* and *Mr. Charles D. Evans,* for appellee.

WASHBURN, J. Appellant, Charles DeRemer, brought an action in the Municipal Court of Akron to recover for wages during an interim in which he was laid off, which he claimed to be due to him under a

contract with the appellee, the Board of Education of the Akron City School District.

The appellant's claim was based on the premise that he had a yearly contract with the appellee for his services.

The appellee denied the existence of such premise, and alleged in its answer that at the time of appellant's layoff, "the funds which had been appropriated for salaries and expenses in the department in which plaintiff was employed were exhausted and that plaintiff was laid off by reason of lack of funds and for reasons of economy."

At the time appellant was laid off, he was engaged in outdoor labor upon the premises of school properties belonging to appellee.

It is not claimed that appellant was laid off for the purpose of hiring someone in his place, and the record does not disclose any wrongful or unworthy purpose or motive on the part of the appellee.

The trial in the Municipal Court was by the court, no jury being demanded, and the court entered judgment for the appellant on the theory that the evidence justified a finding that the appellant had a binding contract upon a yearly basis and that there was no power to order a layoff.

The appellee appealed to the Common Pleas Court on questions of law, and that court found that the appellant was not employed on a yearly basis, that because of lack of funds in the department in which appellant was employed the appellee was justified in dispensing with appellant's services during the layoff period, and that therefore the judgment of the Municipal Court was contrary to law. The Common Pleas Court thereupon reversed the judgment of the Municipal Court and rendered final judgment in favor of the appellee.

In disposing of the case the Common Pleas Court rendered a somewhat lengthy opinion setting forth the reasons for the conclusion reached, which opinion was duly filed and kept in the papers in the case.

Thereafter, in a motion for a "new trial," the appellant requested the court to specify in writing the grounds for its reversal of the judgment of the Municipal Court, and the court, after overruling the motion for a new trial, set forth in the journal entry that the judgment was reversed because it was "contrary to law in accordance with the findings of this court on file in this cause."

One of the errors complained of in this court is that the Court of Common Pleas did not sufficiently comply with said request, which was made under favor of Section 12223-39, General Code.

We hold that the court did comply with that section.

The Common Pleas Court also found as a matter of law that the appellant was at liberty to discontinue his services at any time he chose, and that the appellant was not unconditionally employed for one year so as to require the appellee to avail itself of the services of the appellant or pay him therefor during said layoff period, but that on the contrary the appellee had a right to temporarily dispense with the services of the appellant, and that the circumstances were such as to justify the appellee in doing so, and that therefore as a matter of law the appellant was not entitled to recover for services during said layoff period.

A consideration of the record and the law leads us to the conclusion that such holding by the Common Pleas Court was fully justified.

Public bodies, which for their operation are dependent upon funds derived from taxes, must necessarily, and in the absence of laws to the contrary are required to, curtail their operations so as to keep their expendi-

tures within their available funds; and a sound public policy demands that, in the interest of public economy, they have a right to reduce their working forces by layoffs, in order to prevent deficiencies in the public funds.

The case at bar presents an apt illustration of a proper application of the foregoing principles.

As bearing on this general subject, see *Curtis, Safety Dir., v. State, ex rel. Morgan,* 108 Ohio St., 292, 140 N. E., 522, and *State, ex rel. Buckman,* v. *Munson, Dir.,* 141 Ohio St., 319. It will be noted that in those cases the added element of civil service was present.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.