Bell, J.
 

 There are two questions, the answers to which are determinative of this case.
 

 First.
 
 Did respondent in good faith abolish the position of chief clerk in the Department of Public Works formerly held by relatrix, to tohich she seeks to be reinstatedf
 

 The record discloses that the respondent was reappointed in January 1941, as director of the Department of Public Works and on the 20th day of January of that year he wrote the state Civil Service Commission requesting that the positions of chief clerk, held by the relatrix, executive secretary and building managef of the Ohio departments building, be exempted from civil service in accordance with the statute. On January 27, 1941, the state Civil Service Commission answered, saying that the three positions, as requested by respondent under authority of Section 486-8 (8), General Code, had been removed from the classified service and placed in the unclassified service in accordance with Section II, Bule III of the rules of the commission.
 

 Thereafter on or about February 14, 1941, the respondent notified the relatrix that her services were no longer required. He later notified the state Civil Service Commission that he had appointed Charles J. Miller to the position previously held by the relatrix and Miller continued to hold such position until October 15, 1942, at which time'he resigned. The respondent then abolished the position, notified the state Civil Service Commission and made no request in his budget for an appropriation to pay the salary of the chief clerk for the biennium of 1943-1944. After October
 
 *486
 
 15, 1942, the respondent assigned the duties of the position of chief clerk to several other persons employed in his department and the expenses of the department were substantially reduced by reason of the fact that the position of chief clerk was abolished. There is no evidence that the position of chief clerk was abolished from any improper motive or ulterior purpose.
 

 In determining .this question it should be observed at the outset that the statutes relating to, civil service have for their primary purpose economy and efficiency in the public service. The secondary purpose is permanent tenure in office for those employed in such service. The power to create a position in the classified civil service includes the power to abolish such position. Therefore any position in the classified civil service may be abolished by the employing officer if such act is done in good faith solely for purposes of economy and more efficient public service. In
 
 State, ex rel. Stine,
 
 v.
 
 McCaw, Chief of Div. of Aid for Aged,
 
 137 Ohio St., 13, 27 N. E. (2d), 488, Matthias, J., states the law as follows:
 

 “An order abolishing a civil service position is ineffective where a new appointee is named to perform the same duties; but where there is a substantial merger of two positions for the purpose of economy with no proof of ulterior motive or purpose on the paid of the employing officer, or discrimination upon political, religious or other improper grounds, a writ of man-, clamus will not be granted to require reinstatement of an employee discharged as a result of such merger.”
 

 Under the facts shown by this record the conclusion' is inescapable that the respondent could and did on October 15, 1942, abolish this position in good faith and for purposes of economy and efficiency in the public service.
 

 While it is true that the relatrix filed her petition on January 14, 1942, it is our duty when called upon
 
 *487
 
 to exercise the extraordinary power of mandamus to take into consideration the facts and conditions existing at the time we determine whether to issue a peremptory writ; and if it should affirmatively appear that no wrong could possibly be remedied or no right could possibly be enforced or promoted, the writ should be refused.
 

 In
 
 State, ex rel. Apple,
 
 v.
 
 Pence,
 
 137 Ohio St., 569, 31 N. E. (2d), 841, Turner, J. states the rule thus:
 

 “In exercising the extraordinary power of mandamus a court should take into .consideration the facts and conditions existing at the time it determines whether to issue a peremptory writ.” See also
 
 Trumbull County Board of Education
 
 v.
 
 State, ex rel. Van Wye,
 
 122 Ohio St., 247, 171 N. E., 241, and
 
 State, ex rel. Haines,
 
 v.
 
 Board of Education of Greene County School District,
 
 131 Ohio St., 609, 3 N. E. (2d), 527.
 

 Second.
 
 Was the relatrix guilty of laches
 
 prevent
 
 ing the granting of relief for which she prays?
 

 The record discloses that the relatrix was entirely familiar with her rights. On the day she received the letter from respondent terminating her employment she wrote the respondent that she proposed to institute proceedings in the Supreme Court to protect her rights under the classified service. The only excuse for her failure to proceed promptly is her version of a conversation with the respondent at about the time of her dismissal. Assuming her version of this conversation to be correct the record also discloses that in August 1941, she had a further conversation with the respondent at which time she asked him when the administration was going.to take care of her, and the respondent replied, “Evidently they have changed their minds.” After that conversation she waited five months longer before instituting this action. Had relatrix pursued her avowed intention of instituting proceedings on or about February 14, 1941, the two claims most strongly urged against her ■ in this proceeding
 
 *488
 
 would have been forestalled,
 
 i. e.,
 
 that the position whioh she formerly held and to which she seeks reinstatement has been abolished, and that she has been guilty of laches preventing the granting of the relief for which she prays.
 

 Upon this question of laches no hard and fast rule can be laid down. Some courts have held that as much as three months delay in civil service cases amounts to laches which prevents relief. In this state some of the lower courts have held that six months constitutes laches. This court, in the case of
 
 State, ex rel. Smith,
 
 v.
 
 Witter, Dir.,
 
 114 Ohio St., 357, 151 N. E., 192, states the rule as follows:
 

 “A court, in the exercise of its discretion, may refuse to issue a writ of mandamus, in favor of a relator who has allowed an unreasonable time to elapse before bringing his action, especially where such delay may be prejudicial to the rights of the respondent.”
 

 The rule announced is especially applicable to the instant case. The respondent, having abolished the position, assigned the duties to other persons in his department, and having made no budget request for money with which to pay a chief clerk, would be prejudiced by the allowance of the writ.
 

 We believe that upon the facts shown bv the record the relatrix is guilty of laches. There is no position of chief clerk in the Department of Public Works to which relatrix could be restored.
 

 Several other questions are presented by the record but we deem it unnecessary to discuss them. In order to prevail the
 
 burden'
 
 was upon relatrix to show a clear legal right to relief. The record makes plain at least two conclusive reasons why it is our duty to deny the writ.
 

 Writ denied.
 

 Weyoanut, H. J., Matthias, Hart; Zimmerman, WnmiAMS and Turner, JJ., concur.