GATES, APPELLANT, *v.* BOARD OF EDUCATION OF RIVER LOCAL
SCHOOL DISTRICT, APPELLEE.
NIPPERT, APPELLANT, *v.* BOARD OF EDUCATION OF RIVER LOCAL
SCHOOL DISTRICT, APPELLEE.

[Cite as Gates v. Board of Education, 8 Ohio App. 2d 76.]

(Nos. 406 and 407—Decided October 11, 1966.)

*Messrs. Lucas, Prendergast, Albright & Warren* and *Mr.
Rankin M. Gibson,* for appellants.
*Mr. George F. Burkhart,* for appellee.

LYNCH, J.  Plaintiffs, appellants herein, were hired by defendant, appellee herein, in 1959 as "maintenance helpers" and except for about three weeks in 1961, five days in 1962, and about six weeks each in 1963 and 1964, worked continuously until March 12, 1965, when they were discharged.  They filed declaraatory judgment actions to determine their rights and duties under Section 3319.081, Revised Code, for awards of back wages for the time lost in 1963, 1964 and 1965, and for reinstatement to their positions.  The trial court held that plaintiffs' employment was terminated on June 30, 1965, and that they were not entitled to compensation for back wages for time lost in 1963, 1964 and 1965.  It is from this decision that the plaintiffs are appealing.

No formal contract was entered into between plaintiffs and defendant.  During the period that plaintiffs were employed, defendant was engaged in an extensive building and improvement program, and plaintiffs were hired in connection with the improvement program.  With a few exceptions, the wages of the regular maintenance men were charged to the general fund.  Occasionally, because of the necessities of the work and the availability of the men, plaintiffs and the two regular maintenance men worked together, either on the improvement program work or routine maintenance, and all their wages were then charged to the appropriate fund.  However, such occasions were infrequent.  The layoffs in 1963 and 1964 were made for lack of work, and plaintiffs were discharged in 1965 for lack of funds.

We hold that plaintiffs were employees whose employment was covered by the provisions of Section 3319.081, Revised Code, while employed by defendant, and that they had the right to demand and to receive an express contract from defendant while so employed.  These actions were filed after their employment was terminated, and one of the issues of these cases is to determine the rights of plaintiffs and defendant as to the termination of plaintiffs' employment.

At its meeting on March 1, 1965, defendant passed a motion to notify plaintiffs that March 12, 1965, would be their last day of employment, and on March 2, 1965, defendant's clerk sent each plaintiff a written notice to this effect.

Since there was no express contract between plaintiffs and

defendant on this issue, whatever rights plaintiffs have arise out of an obligation imposed by Section 3319.081, Revised Code. There is nothing in this statute that expressly covers the situation where no express contract was made between the board of education and the employee. However, we feel that the legislative intent in enacting Section 3319.081, Revised Code, was to provide employment security to the employees covered by this statute. Therefore, we agree with the trial court in its decision that defendant's actions in terminating the employment of plaintiffs had the effect under Sections 3319.081 and 3319.083, Revised Code, of terminating plaintiffs' employment on June 30, 1965.

The basis of our decision is that this is an obligation imposed by law on defendant to promote justice. It is more in the nature of a quasi-contract obligation than the definite contract rights which plaintiffs stress.

Plaintiffs quote the following language from Section 3319.081, Revised Code:

"Such contracts may be terminated only for violation of regulations as set forth by the board of education."

They concede that if defendant had regulations to the effect that such contracts would be terminated for reasons of economy or for lack of work, then lack of work or reasons of economy would be a good defense. However, defendant has no regulations for the termination of contracts, and plaintiffs contend that their employment was unlawfully terminated.

We hold that the above-quoted language from Section 3319.081, Revised Code, is only applicable when there is an express contract between the board of education and an employee. We feel that justice requires that a board of education be made aware of the fact that it is legally obligated to give an employee an employment contract so that it can consider the need for enacting regulations covering such employment contract.

The evidence is that defendant has acted in good faith and that plaintiffs' employment was terminated for lack of funds. There has been a change of circumstances to justify defendant's action in terminating the employment of plaintiffs.

The first paragraph of the syllabus of *State, ex rel. Stoer,* v. *Raschig, Dir.,* 141 Ohio St. 477, is as follows:

"The power to create a position in the classified civil serv-

ice includes the power to abolish such position. The employing officer may abolish any position in such service if such act is done in good faith solely for purposes of economy and more efficient public service. (*State, ex rel. Stine,* v. *McCaw, Chief,* 137 Ohio St. 13, approved and followed.)''

See 9 Ohio Jurisprudence 2d 433, Civil Service, Section 102.

In *DeRemer* v. *Board of Education of Akron City School District,* 72 Ohio App. 283, the plaintiff was a nonteaching school employee who sued for his wages during an interim when he was laid off for lack of funds. The syllabus of that case is as follows:

''Public bodies, which for their operation are dependent upon funds derived from taxes, must necessarily, and in the absence of laws to the contrary are required to, curtail their operations so as to keep their expenditures within their available funds; and a sound public policy demands that, in the interest of public economy, they have a right to reduce their working forces by layoffs, in order to prevent deficiencies in the public funds.''

See *Curtis* v. *State, ex rel. Morgan,* 108 Ohio St. 292.

Section 3319.17, Revised Code, specifically permits a board of education to reduce the number of its teachers when it decides it is necessary by reason of decreased enrollment of pupils, return to duty of regular teachers after leaves of absence or by reason of suspension of schools or territorial changes affecting the district.

*State, ex rel. Gannon,* v. *Lander,* 114 Ohio St. 264, held that a civil service employee could be temporarily laid off for lack of work because of the seasonal character of the work involved.

For the above reasons, we agree with the trial court's decision that plaintiffs were not entitled to compensation for back wages for their time lost in 1963, 1964 and 1965.

*Judgments affirmed.*

Johnson, P. J., and Jones, J., concur.