WESTON, APPELLEE, *v.* FERGUSON, AUDITOR OF STATE, APPELLANT.

[Cite as Weston *v.* Ferguson (1983), 8 Ohio St. 3d 52.]

(No. 83-266—Decided December 28, 1983.)

Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Robert J. Walter Co., L.P.A., Mr. Robert J. Walter and Mr. Mark R. Scherer, for appellee.

Mr. Anthony J. Celebrezze, Jr., attorney general, and Ms. Diane M. Weaver, for appellant.

Per Curiam. The issue presented by this case is whether the manner in which the Auditor of State abolished an Examiner I position in the pre-audit section, which resulted in Weston's dismissal, was in accordance with law. This court concludes that it was.

To begin with, at all times relevant to this case there were no statutory requirements or state rules or regulations establishing a formal procedure for the abolishment of a position. Instead, the proper standards have been set forth in previous cases where this court has considered the subject.

It is well-established that the power to create a position in the civil service includes the power to abolish it. State, ex rel. Stine, v. McCaw (1940), 137 Ohio St. 13 [17 O.O. 303], paragraph one of the syllabus; State, ex rel. Stoer, v. Raschig (1943), 141 Ohio St. 477 [26 O.O. 56], paragraph one of the syllabus. This is particularly true where the purpose of such abolishment is economy or the increased efficiency of the public service. Id. Thus, an appointing authority has the power to abolish civil service positions pursuant to a plan of reorganization.

The Auditor of State argues that the dismissal of Weston was valid since it was done pursuant to an office reorganization. Further, the Auditor notes that even though it was not Weston's duties but those of another Examiner I which were eliminated, Weston had the fewest retention points in his department and should properly be the one dismissed. Weston contends that, under existing case law, a position may only be abolished by eliminating those job duties entirely or by merging two or more positions. Weston believes that the focus must be confined to the duties of the individual who is dismissed. Since the facts are clear that Weston's former duties are still being performed, he contends that there was no valid abolishment.

Although partially correct, Weston's argument misconstrues the applicable law. The critical guideline in the abolition of a civil service position is that it must be done in good faith and not as a subterfuge. *State, ex rel. Stoer, v. Raschig, supra; State, ex rel. McGann, v. Evatt* (1941), 138 Ohio St. 421 [20 O.O. 546]. A civil service employee may not be removed under the guise of abolishing his office when in fact the transaction amounts to no more than a change in the name of the position and the appointment of another person, the duties remaining substantially the same. *State, ex rel. Miller, v. Witter* (1926), 114 Ohio St. 122. The theory is that a position may be abolished, but not the person. *Howie v. Stackhouse* (1977), 59 Ohio App. 2d 98 [13 O.O.3d 158]. The actual duties will be examined in order to determine whether a civil service job has been abolished in good faith or as a subterfuge. *State, ex rel. Click, v. Thormyer* (1958), 105 Ohio App. 479 [6 O.O.2d 220]. Thus, an order abolishing a position is ineffective where a completely new appointee is hired to perform the same duties, *State, ex rel. Miller, v. Witter, supra,* but a dismissal is valid when it is done for purposes of economy or improved public service and there is no ulterior motive. *State, ex rel. Stoer, v. Raschig, supra; State, ex rel. McGann, v. Evatt, supra.*

In the present case, it is true that Weston's duties continued to be performed by another employee. However, a position was abolished. After the reorganization in the office of the Auditor of State, the pre-auditing of Department of Welfare vouchers ceased. None of those duties which had been performed by the employee who pre-audited Department of Welfare vouchers was subsequently performed by any employee. Instead, the employee who had been pre-auditing Department of Rehabilitation and Correction vouchers was performing Weston's former duties, and the employee who had pre-audited Department of Welfare vouchers was now performing those duties with regard to the Department of Rehabilitation and Correction. There is no indication in the record of any lack of good faith on the part of the Auditor of State in dispensing with this position. Moreover, there is no hint of subterfuge since a position was actually eliminated. Therefore, there was a proper abolishment of a position in the present case.

The next consideration, in light of a proper abolishment, is whether Weston was properly the employee to be laid off. Weston contends first, that use of the term "layoff" is improper since this is a question of abolishment and second, that only the person whose position is abolished may be dismissed. These arguments are without merit.

The cases to which Weston points all involved an entirely different factual posture, one where a completely new employee was brought in to perform virtually identical duties and no position was in fact abolished. Therefore, they do not stand for the proposition alleged. Rather, they deal with the overriding requirement of good faith, which has already been established in the instant case. The record in the present case demonstrates that the pre-audit duties of Examiners I were in fact interchangeable. It is axiomatic that while Examiners I are entitled to perform duties falling within

that classification, they have no "right" to perform a particular set of Examiner I duties.

Additionally, the law at the time of Weston's dismissal, while setting forth no procedure for abolishing a position, did provide for the order of layoff of employees when a position was abolished. R.C. 124.32(C) provided that "[w]henever any permanent office or position in the classified service is abolished or made unnecessary, or the person holding such office or position is laid off, the procedure outlined in this section shall be followed." R.C. 124.32(I) stated that "[w]henever it is necessary to abolish a position layoff procedures shall be followed as defined in this section." The order of layoff requires calculation of retention points to reflect systematic consideration of seniority and relative efficiency. In accordance with then existing R.C. 124.32, Ohio Adm. Code 123:1-41-01(D) was promulgated. This rule provided that layoffs within a category "shall be based upon descending retention point order beginning with the employee having the fewest retention points." The record is clear that Weston had the fewest retention points among the Examiners I in the pre-audit section.

For the foregoing reasons, this court concludes that the manner in which the Auditor of State abolished the Examiner I position in the pre-audit section was in accordance with law. The judgment of the court of appeals is therefore reversed.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and WISE, JJ., concur.

WISE, J., of the Fifth Appellate District, sitting for J. P. CELEBREZZE, J.