OPINION
{¶ 1} Appellant-Appellant, Denver L. Combs ("Combs"), appeals from the August 9, 2004 final judgment entry of the Franklin County Court of Common Pleas affirming an order of the State Personnel Board of Review ("SPBR") abolishing Combs' position as a Veterans Service Officer ("VSO") Acting as Executive Director. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} From 1980-1983, Combs worked as a VSO in Clark County, Ohio. In 1985, Combs was hired as a VSO at the Montgomery County Veterans Service Center. The Montgomery County Center is governed by five Commissioners, who are members of the Board of Veterans Service Commissioners ("the Board").
 {¶ 3} Later in 1985, Combs was appointed to a hybrid position as VSO acting as Executive Director, pursuant to R.C. 5901.07. As VSO acting as Executive Director, Combs' responsibilities included assisting and advising veterans and their families in obtaining benefits they were entitled to receive, in addition to performing managerial and director functions over the staff. Combs performed about 30 percent managerial functions and dedicated 70 percent of his time to running a caseload, and performing VSO functions. On May 5, 2000, Combs was removed from his position as VSO acting as Executive Director due to disciplinary reasons.
 {¶ 4} On May 9, 2000, the Board passed a resolution which abolished the classified civil service position of VSO acting as Executive Director and established the unclassified position of Executive Director, pursuant to R.C. 5901.06.
 {¶ 5} On August 22, 2000, the Board appointed Alphonso T. Spence as Executive Director. Spence's salary was $76,500. On April 20, 2001, Spence resigned as Executive Director. In the summer of 2001, SPBR disaffirmed the Board's removal of Combs as VSO acting as Executive Director. The Board was directed to reinstate Combs to his former position. Appellant was reinstated as VSO acting as Executive Director and was paid his back pay.
 {¶ 6} On August 28, 2001, the Board passed a resolution to again abolish the position of VSO acting as Executive Director. The Board wanted a director who would dedicate 100 percent of his or her time and duties to the management of the organization. On December 13, 2001, the Board filed with Beverly Wood, of the Ohio Department of Administrative Services, Division of County Services ("ODAS"), a statement of rationale and supporting documentation for the job abolishment of VSO acting as Executive Director.
 {¶ 7} On December 28, 2001, ODAS notified the Board that it was permitted to proceed with processing the job abolishment. On June 28, 2002, the Board hand-delivered a layoff letter to Combs. The letter notified Combs that he could exercise his right to displace into a new position of Office Manager/VSO. Combs exercised his displacement rights into the position of Office Manager/VSO, at a reduced hourly salary to that of VSO acting as Executive Director.
 {¶ 8} On July 3, 2002, Combs appealed his layoff to SPBR. On January 27, 2003, a hearing was held. On July 16, 2003, the Administrative Law Judge ("ALJ") issued a report and recommendation finding that the Board proved by the preponderance of the evidence that the abolishment of Combs' position complied with Ohio Adm. Code 124-7-01 and the procedural requirements of Ohio Adm. Code 123:1-41-10(B).
 {¶ 9} Combs filed objections to the ALJ's report and recommendation. On September 30, 2003, SPBR adopted the ALJ's report and recommendation and affirmed the job abolishment. Combs subsequently filed a notice of appeal with SPBR and the court of common pleas.
 {¶ 10} The trial court held that the Board was in substantial compliance with procedural statutes and regulations. The Board satisfied due process requirements and acted in accordance with the law regulating job abolishments and layoffs. The trial court further noted that the Board provided reliable, probative and substantial evidence to prove that abolishment of Combs' position as VSO acting as Executive Director was done for the efficiency of the agency. The trial court further found, by reliable, probative and substantial evidence that the Board did not act in bad faith in abolishing Combs' position. It is from this decision that Combs appeals, assigning the following as error:
The common pleas court err[o]red in finding that there was reliable, probative and substantial evidence to sustain combs' abolishment.
 {¶ 11} In his sole assignment of error, Combs maintains that the Board did not provide reliable, probative and substantial evidence that his position was abolished for the reorganization for the efficient operation of the agency. Combs maintains that the appointing authority could have attained the same results without abolishing his position. Combs further argues that the Board could have limited his VSO responsibilities and ordered him to focus his efforts on the management aspect of his job.
 {¶ 12} In Lorain City Bd. Of Edn. v. State Emp. RelationsBd. (1988), 40 Ohio St.3d 257, 260-261, the Ohio Supreme Court set forth the following standard of review for an appellate court in reviewing a judgment of the trial court which determines an administrative appeal:
In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion "* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." State, ex rel.Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986),22 Ohio St. 3d 191, 193 * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St. 2d 82
* * *. The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.
 {¶ 13} In Our Place, Inc. v. Ohio Liquor Control Comm.
(1992), 63 Ohio St.3d 570, 571, the Ohio Supreme Court defined the evidence required by R.C. 119.12 as:
(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value. [Fn. omitted.]
 {¶ 14} Ohio Adm. Code 124-7-01 provides that an appointing authority must demonstrate, by a preponderance of the evidence, that a job abolishment was necessary as a result of "a reorganization for the efficient operation of the appointing authority; reasons of economy; or lack of work expected to last one year or longer." R.C. 124.321(D) requires the appointing authority to "file a statement of rationale and supporting documentation with the director of administrative services prior to sending the notice of abolishment."
 {¶ 15} An appointing authority has the power to abolish a civil service position pursuant to a plan of reorganization.Weston v. Ferguson (1983), 8 Ohio St.3d 52, 53. The abolition of the civil service position must be done in good faith and not as a subterfuge. State ex rel. Stoer v. Raschig (1943),141 Ohio St. 477, paragraph one of the syllabus. An abolishment is valid when it is done for purposes of economy, improved public service and there are no ulterior motives. Id.
 {¶ 16} In the present case, at the January 27, 2003 hearing before SPBR, Mark Kucharski, an Engineering Technician employee of the VA Medical Center, and a former Commissioner of the Montgomery County Veterans Service Commission, explained that the Board wanted an Executive Director whose position was primarily devoted to performing managerial duties. (Tr. 33.) Kucharski gave two reasons why Combs' position was abolished. First, the Union objected to the hybrid position because it was contrary to the collective bargaining agreement in place at that time. The union was opposed to a managerial employee performing VSO work. The abolishment of the position would eliminate Combs performing both functions. Secondly, Kucharski reasoned that, by having an Executive Director performing only managerial duties, he or she could concentrate solely on that area of responsibility as opposed to handling individual service work matters.
 {¶ 17} James Richard, a retired Marine and part-time employee and current member of the Montgomery County Veterans Service Commission, testified that he voted to abolish Combs' position because "[the Commissioners] did not feel that * * * all the management work — the necessary management of the office was getting done as compared to the V.S.O. work that probably Mr. Combs was doing." (Tr. 68-69.) Commissioner Richard further stated, "it was my personal belief that if you're going to manage an office you need to have your full-time — you can't really be — be doing two different types of work and getting either job done correctly." (Tr. 69.) Richard testified that the Board wanted an Executive Director solely to perform managerial duties and concentrate on issues surrounding the collective bargaining agreement, the management of claims, along with providing an outreach for the county's veterans, as opposed to splitting the work. On cross-examination, Richard testified that the Board's decision to abolish the position was not about cost savings, but was done primarily to have someone in a managerial position, performing managerial type duties.
 {¶ 18} Tom Hagel, a part-time Montgomery County Veterans Service Commission member, a full-time law professor at the University of Dayton School of Law, and a part-time Municipal Court Judge, testified that the restructuring had to do with the organizational framework of the agency and not the assignment of job duties, "the problem of trying to function in two positions is that it — it creates a natural conflict." (Tr. 96.) Hagel testified that, "the model that was best for this agency was one where the director focused all of his energies on directing the organization and not splitting his time as a Veterans Service Officer." (Tr. 87.) Hagel was also concerned about Combs' ability in the hybrid position to remain objective and effectively negotiate labor contracts, when on one hand he had duties as Executive Director toward the Board and on the other hand duties to the union employees as VSO. (Tr. 87-88.)
 {¶ 19} In reviewing the record, there is no showing that the trial court abused its discretion. The Montgomery County Service Center substantially complied with all the applicable statutes and rules pertaining to abolishing Combs' position. Combs' position was abolished primarily for efficiency reasons. As a result, the Union and the Board agreed that management employees should not be handling and performing VSO work. Both the ALJ and the trial court found Hagel's testimony to be the most persuasive regarding the issue of efficiency. The Board's decision that the abolishment of Combs' position was to promote efficiency was supported by a preponderance of substantial, reliable and probative evidence.
 {¶ 20} Combs also argues, that the abolishment of his position was carried out in bad faith. Appellant testified that, prior to the abolishment, there was no mention of inefficiency, only misconduct. The Union issued a vote of no confidence regarding Combs' managerial abilities, in addition to filing a grievance regarding managerial employees handling VSO work and responsibilities. On May 5, 2000, Combs was removed for disciplinary reasons. Combs' removal was disaffirmed and he was ordered reinstated by SPBR on July 23, 2001. However, on May 9, 2000, after Combs' removal, but prior to his reinstatement, the Board passed a resolution to change the operational structure of the agency. The resolution was passed with the understanding that an Executive Director would primarily handle managerial duties in order to create a more efficient agency.
 {¶ 21} Combs argues that the subsequent reabolishment of his position was a ploy by the Montgomery County Service Center to prevent Combs from returning to his position as VSO acting as Executive Director. Combs asserts that it was the Board's goal to remove him and not the position. There is no indication in the record of any lack of good faith on the part of the agency in dispensing of Combs' position. Furthermore, there was no hint of subterfuge, as the position was actually eliminated. Weston,
supra. In this case, the abolishment of Combs' position as VSO acting as Executive Director was proper and done in good faith. Combs' sole assignment of error is not well-taken.
 {¶ 22} In sum, we find that the Franklin County Court of Common Pleas did not abuse its discretion in affirming the order of SPBR abolishing Combs' VSO acting as Executive Director position with the Montgomery County Veterans Service Center. Combs' sole assignment of error is overruled and the decision of the trial court is affirmed.
Judgment affirmed.
Brown, P.J., and Klatt, J., concur.