BLUE CROSS OF NORTHEAST OHIO, APPELLEE, *v.* RATCHFORD, SUPT., DEPARTMENT OF INSURANCE, APPELLEE; SENIOR CITIZENS COALITION ET AL., APPELLANTS.

(No. 83AP-687—Decided December 27, 1984.)

*Vorys, Sater, Seymour & Pease, James P. Kennedy, Michael J. Canter* and *Carl D. Smallwood,* for appellee Blue Cross of Northeast Ohio.

*Anthony J. Celebrezze, Jr.,* attorney general, *Timothy R. Parry, Steven L. Petty* and *Thomas W. Hess,* for appellee Robert C. Ratchford, Jr.

*Joseph P. Meissner, Wilma Sevcik* and *Anita Myerson,* for appellants.

COOK, J. On July 2, 1981, appellee Blue Cross of Northeast Ohio ("Blue Cross") submitted an application to appellee Robert L. Ratchford, Jr., Superintendent of Insurance ("superintendent"), for a rate increase for certain non-group subscriber contracts which included many contracts with senior citizens. A public hearing was held on the application, beginning on September 14, 1981. On October 13, 1981, the superintendent granted Blue Cross seventy percent of the requested rate increase.

The Senior Citizens Coalition, Fairview Park Senior Citizens Club, and seven subscribers of Blue Cross of Northeast Ohio, appellants herein, appealed the October 13, 1981 order of the superintendent to the Court of Common Pleas of Franklin County. Blue Cross moved to dismiss appellants' appeal on the ground they lacked standing to appeal under R.C. 119.12. The court granted the motion to dismiss appellants' appeal, finding appellants were not parties to the application of Blue Cross for a rate increase.

Appellants have filed an appeal to this court of the judgment of the common pleas court and have filed the following three assignments of error:

"1. The court of common pleas erred in determining that the appellant Senior Citizens Coalition and Blue Cross

subscribers lacked standing to appeal under O.R.C. 119.12 since they are clearly parties adversely affected by the order of the Superintendent of Insurance which substantially raised their medical rates, and therefore they have standing to prosecute their appeal.

"2. The court of common pleas erred in dismissing the appeal of the appellants Senior Citizens since Ohio case law supports the right of these subscribers to appeal an unlawful, unreasonable and improper decision of the Department of Insurance.

"3. The common pleas court erred in dismissing the appeal of the Senior Citizen subscribers since this dismissal deprived these subscribers of their rights under both the Ohio Constitution and the Constitution of the United States."

The assigned errors are without merit.

Appellants' three assignments of error raise but one issue, to wit: Did the common pleas court err in dismissing appellants' appeal for lack of standing? Accordingly, the three assigned errors will be consolidated for the purpose of discussion.

The application of Blue Cross to the superintendent for a rate increase is governed by R.C. 1739.051. Said statute provides, among its provisions, for the procedure by which any hospital service association, such as Blue Cross, may seek a change in any rate for any subscriber contract. The last paragraph of said statute reads:

"Any action taken or order issued by the superintendent pursuant to this section may be appealed by the association as provided for in section 119.12 of the Revised Code."

Obviously, a hospital service association is the only party that can appeal any action taken or order issued by the Superintendent of Insurance as to an application for a rate increase pursuant to R.C. 1739.051.

However, appellants contend that they are permitted to appeal the order of the superintendent, as to the application of Blue Cross for a rate increase, because R.C. 119.12, in pertinent part, provides:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin County * * *."

In interpreting the above portion of R.C. 119.12, we must look to the statutory definitions contained in R.C. 119.01:

"(D) 'Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature.

"* * *

"(F) 'Person' means a person, firm, corporation, association, or partnership.

"(G) 'Party' means the person whose interests are the subject of an adjudication by an agency."

We conclude that appellants were not parties to the application of Blue Cross for a rate increase. Thus, they could not be parties "adversely affected" by the superintendent's order. R.C. 1739.051 does not require anyone to be made a party to the administrative proceedings concerning applications for rate increases by a hospital service association. It is only the rights, privileges, and pecuniary interests of the hospital service association which are the subject of the adjudication by the superintendent.

The Ohio Supreme Court has held that, unless a statute provides otherwise, no person can appeal from an adjudicatory order of an administrative agency to which he was not a party.

*Harrison* v. *Public Util. Comm.* (1938), 134 Ohio St. 346 [12 O.O. 316]. In the instant cause, no statute provides for appeals of such orders by appellants who were not parties to the administrative proceedings.

Appellants' assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC, P.J., and NORRIS, J., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.