ROSE, Appellant,

v.

OHIO DEPARTMENT OF JOB AND FAMILY SERVICES, Appellee.

[Cite as *Rose v. Ohio Dept. of Job & Family Serv.,*
160 Ohio App.3d 581, 2005-Ohio-1804.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA2004–06–069.

Decided April 18, 2005.

Geoffrey E. Webster and J. Randall Richards, for appellant.

Jim Petro, Attorney General, and Kristin Sacco Smith, Assistant Attorney General, for appellee.

---

WALSH, Judge.

{¶ 1} Appellant, Aaron Rose, appeals from a decision of the Warren County Court of Common Pleas, dismissing his appeal from a decision of the Ohio Department of Job and Family Services ("ODJFS") on the grounds that his appeal presented "no justiciable controversy."

{¶ 2} Appellant, born May 17, 1985, has a number of serious medical conditions that have existed since birth or have arisen from conditions that existed at birth, including chronic lung disease, chronic respiratory failure, reactive airway dis-

ease, essential hypertension, and seizure disorder. He is wheelchair-bound, uses a ventilator, and receives nutrition through a gastric tube. In addition to his medical disabilities, he has severe mental and developmental disabilities. Up until December 2002, he was enrolled in the Ohio Home Care ("OHC") Waiver program, which enabled him to receive healthcare services at his home.

{¶ 3} On December 17, 2002, appellant was notified by the ODJFS that it intended to transfer him from the OHC Waiver program to the Transitions Waiver program because he met "the intermediate level of care facility criteria for individuals with mental retardation and developmental disabilities (hereinafter, 'ICF–MR level of care')." The notice sent to appellant further informed him that the Transitions Waiver program provides the same types of services and uses the same providers as the OHC Waiver program.

{¶ 4} Appellant, through his parents, disagreed with the proposed transfer and requested a state hearing. A hearing was held on appellant's challenge in March and April 2003. On April 8, 2003, the hearing officer issued a decision upholding the agency's action. Appellant appealed the hearing officer's decision to the ODJFS. On May 7, 2003, the ODJFS affirmed the hearing officer's decision.

{¶ 5} Appellant then appealed the ODJFS's decision to the Warren County Common Pleas Court, pursuant to R.C. 119.12 and 5101.35. The matter was referred to a magistrate. On January 30, 2004, the magistrate issued a decision dismissing appellant's appeal essentially on the grounds that he lacked standing to bring it. Specifically, the magistrate found that appellant had failed to articulate how he had been adversely affected by the ODJFS's decision to uphold his transfer from the OHC Waiver program to the Transitions Waiver program, beyond his speculating about what harm he might sustain in the future as a result of the transfer. As a result, the magistrate concluded, appellant's appeal presented no justiciable controversy, and the common pleas court lacked jurisdiction to entertain it.[1] Appellant filed objections to the magistrate's decision, which the common pleas court overruled.

{¶ 6} Appellant now appeals from the common pleas court's decision and assigns the following as error:

{¶ 7} Assignment of Error No. 1:

---

1. Before dismissing appellant's appeal for lack of jurisdiction, the magistrate determined that Ohio Adm.Code 5101:3–12–15(D) mandated that all consumers like appellant who met the ICF–MR level of care be transferred to the Transitions Waiver program and that transfer to the Transitions Waiver program did not create an equal protection problem. The magistrate also issued a separate decision that same day, overruling appellant's motion to supplement the record on administrative appeal.

{¶ 8} "The court erred in dismissing the appeal based upon no justiciable controversy."

{¶ 9} Appellant argues that the common pleas court erred by dismissing his administrative appeal on the grounds that he was not adversely affected by the transfer and, therefore, there was no justiciable controversy. He asserts that because he was the subject of an unfavorable administrative decision, he "is inherently entitled" to appeal from it. We disagree with this argument.

{¶ 10} Initially, there is no general or inherent right to appeal an order made in an administrative proceeding, as appellant asserts; instead, the aggrieved party must be able to point to some constitutional or statutory provision that authorizes the administrative appeal, and if no such authorization exists, no appeal will lie. See *Collyer v. Broadview Dev. Ctr.* (1991), 74 Ohio App.3d 99, 101, 598 N.E.2d 75, and *McAtee v. Ottawa Cty. Dept. of Human Serv.* (1996), 111 Ohio App.3d 812, 815, 677 N.E.2d 395.

{¶ 11} An appellant who disagrees with the decision of the ODJFS's director or his or her designee may appeal the decision to the court of common pleas pursuant to R.C. 119.12. R.C. 119.12 allows any party "adversely affected" by an agency's order issued pursuant to an agency's adjudication to appeal the order to the court of common pleas. A party is adversely affected for purposes of R.C. 119.12 when its rights, privileges, benefits, or pecuniary interests are the subject of the administrative adjudication, see *Blue Cross of Northeast Ohio v. Ratchford* (1984), 21 Ohio App.3d 113, 114, 21 OBR 120, 487 N.E.2d 339, and the party has been, or likely will be, injured by the administrative order. See *Rollman & Sons Co. v. Hamilton Cty. Bd. of Revision* (1955), 163 Ohio St. 363, 365, 56 O.O. 337, 127 N.E.2d 1. A party that has been adversely affected by an agency's order has standing to appeal from the order pursuant to R.C. 119.12.

{¶ 12} In this case, appellant has never alleged that he has been, or likely will be, injured by ODJFS's decision to transfer him to the Transitions Waiver program; indeed, he acknowledges that he currently receives the same benefits and services under that program that he did under the OHC Waiver program. Nor has he alleged that there is a significant possibility that he will be injured by the transfer; instead, he merely alleges that he *might* be injured by the transfer at some point in the future. However, he has never specified any scenario under which this possibility might occur. Under these circumstances, we agree with the trial court that the injury or harm that appellant alleges is too speculative to confer standing on him for purposes of R.C. 119.12. Therefore, we conclude that the trial court did not err in dismissing appellant's administrative appeal for lack of standing and thus for lack of jurisdiction.

{¶ 13} Appellant's first assignment of error is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} "The court erred in overruling appellant's motion to supplement."

{¶ 16} Assignment of Error No. 3:

{¶ 17} "The administrative appeal decision is not supported by reliable, probative and substantial evidence and is not in accordance with the law."

{¶ 18} Appellant's second and third assignments of error have been rendered moot by our disposition of his first assignment of error; consequently, we need not decide them. See App.R. 12(A)(1)(c).

Judgment affirmed.

WILLIAM W. YOUNG, P.J., and VALEN, J., concur.