[Cite as *State v. Mack*, 2012-Ohio-82.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96799**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CLYDELL MACK

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-544493

**BEFORE:** Blackmon, A.J., Cooney, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 12, 2012

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Tiffany Hill
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, A.J.:

**{¶ 1}** Appellant Clydell Mack ("Mack") appeals his conviction for breaking and entering and assigns the following error for our review:

> "I. The trial court erred, to the prejudice of defendant's right to Due Process of Law under the 14th Amendment to the United States Constitution, in entering a judgment of conviction upon insufficient evidence."

**{¶ 2}** Having reviewed the record and pertinent law, we affirm Mack's conviction. The apposite facts follow.

**Facts**

{¶ 3} The Cuyahoga County Grand Jury indicted Mack for one count of breaking and entering. Mack entered a plea of not guilty, and the matter proceeded to a jury trial.

{¶ 4} Officer Tony Gonzalez testified that on November 20, 2010, at approximately 4:30 a.m., he and his partner, Officer Jaime Cruz, responded to a dispatch call regarding a break-in at an address at Althen Avenue in Cleveland, Ohio. The house at the address was a vacant duplex. The officers noticed that the side and back doors were kicked in. Inside, Officer Gonzalez found Mack in the back bedroom, crouched down in a corner. Once Mack saw him, he put his hands in the air and said, "I'm not doing anything wrong. I'm just here to get some scrap." Officer Gonzalez stated that "scrap" usually means the person is looking for metal to sell to a scrapyard. Mack informed the officer that he did not live at the address.

{¶ 5} Peter Quilligan testified on Mack's behalf. He has known Mack for approximately seven years; they both volunteer with an agency that provides aid to the homeless. He said that several times a week, Mack brought in used items such as clothing and small appliances to donate. He did not know where Mack obtained the items, but stated that Mack received no compensation for the items.

{¶ 6} The jury found Mack guilty of breaking and entering. The trial court sentenced Mack to 90 days in county jail.

**Insufficient Evidence**

{¶ 7} In his sole assigned error, Mack argues that his conviction for breaking and entering was not supported by sufficient evidence.

{¶ 8} Crim.R. 29 mandates that the trial court issue a judgment of acquittal when the state's evidence is insufficient to sustain a conviction for the offense. Crim.R. 29(A) and sufficiency-of-evidence review require the same analysis. *State v. Tenace*, 109 Ohio St.3d 255, 2006-Ohio-2417, 847 N.E.2d 386.

{¶ 9} In analyzing the sufficiency issue, the reviewing court must view the evidence "in the light most favorable to the prosecution" and ask whether "any rational trier of fact could have found the essential elements of the crime [proven] beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560; *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; *State v. Carter* (1995), 72 Ohio St.3d 545, 651 N.E.2d 965.

{¶ 10} A conviction for breaking and entering pursuant to R.C. 2929.13(A) requires the state to prove that Mack, by force, stealth, or deception, trespassed in an unoccupied structure with the intent to commit any theft offense or a felony. Mack contends that the evidence failed to show that he was trespassing on the property or had the intent to commit a crime.

{¶ 11} Criminal trespass is defined by R.C. 2911.21 as knowingly entering or remaining on another's land or premises "without privilege to do so." Mack is correct that the owner of the premises did not testify whether Mack had permission to be in the

house. However, it is well established that "'circumstantial evidence is sufficient to sustain a conviction if the evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.'" *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶75, quoting *State v. Heinish* (1990), 50 Ohio St.3d 231, 238, 553 N.E.2d 1026. Circumstantial evidence carries the same weight as direct evidence. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 942, paragraph two of the syllabus. Circumstantial evidence is proof of facts or circumstances by direct evidence from which the trier of fact may reasonably infer other related or connected facts that naturally or logically follow. *State v. Beynum* (May 23, 1996), Cuyahoga App. No. 69206.

{¶ 12} In the instant case, the officers testified that they responded to a call that "a male was breaking into a vacant house." Upon arrival, they found the side and back doors were kicked in as evidenced by the fact the wood was broken around the door jamb and the padlock was hanging from the wood. Additionally, Mack was in the house at approximately 4:30 a.m. and found crouching in the corner of the back bedroom in an attempt to hide. Upon seeing the officers, he put his hands in the air and stated, "I'm not doing anything wrong. I'm just here to get some scrap." His statement that he was "not doing anything wrong" indicates he was aware he should not have been on the premises; he never stated that he had permission to be there, which would have been the logical explanation regarding why he was not doing anything wrong. All of this evidence together indicates he was without permission to be in the house.

**{¶ 13}** Mack also argues there was no evidence he intended to commit a theft or a felony. However, the evidence is undisputed that he admitted to the officers that he was there for the purpose of finding "scrap." The officers clarified that in their experience "scrap" means stealing metal to take to a scrapyard. Although no tools were found on Mack's person, this does not negate his admission to the police. Moreover, Mack's witness testified that Mack frequently donated used items to the agency for the homeless. Therefore, Mack could have just as well been looking for other items to take. Accordingly, Mack's first assigned error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

COLLEEN CONWAY COONEY, J., and
SEAN C. GALLAGHER, J., CONCUR