[Cite as *Johnson v. Ohio Dept. of Job & Family Servs.*, 2013-Ohio-1451.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
## No. 98918

---

# STEPHEN JOHNSON

### PLAINTIFF-APPELLANT

vs.

# OHIO DEPARTMENT OF JOB & FAMILY SERVICES

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-784412

**BEFORE:** Keough, P.J., E.A. Gallagher, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 11, 2013

**APPELLANT**

Stephen E. Johnson, Pro Se
P.O. Box 202013
Cleveland, Ohio 44120

**ATTORNEYS FOR APPELLEE**

Mike DeWine
Ohio Attorney General
By:   Rebecca L. Thomas
         Charity Robl
Assistant Attorneys General
30 East Broad Street, 26th Floor
Columbus, Ohio 43215

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Plaintiff-appellant, Stephen Johnson, appeals the trial court's decision dismissing his administrative appeal. For the reasons that follow, we affirm.

{¶2} This appeal originates from a decision Johnson received from the Cuyahoga County Department of Job and Family Services ("CCDJFS") regarding his wife's Medicaid and food assistance benefits. CCDJFS determined that Johnson's wife did not become eligible for such benefits until August 23, 2011.

{¶3} Johnson challenged the CCDJFS decision by requesting a "state hearing" before defendant-appellee, Ohio Department of Job and Family Services ("ODJFS"). On March 7, 2012, ODJFS issued a decision from the state hearing ("state hearing decision") overruling Johnson's appeal, but ordering CCDJFS to "determine if eligibility existed for the Appellant's wife retroactive to June 28, 2011." According to the state hearing decision, CCDJFS had ten calender days to comply with the redetermination.

{¶4} On March 15, 2012, Johnson faxed an administrative appeal of the state hearing decision to ODJFS, asserting that his wife's food assistance eligibility should be June 28, 2011, and not the August 23, 2011 date that the county had used. This appeal was file stamped on March 19, 2012. Because this was the exact issue CCDJFS was ordered to redetermine, and the ten days had yet to run prior to the appeal being submitted, the ODJFS administrative appeal officer issued a decision on May 22, 2012,

determining that "no further relief [was] available at this point."

{¶5} Nevertheless, Johnson filed an administrative appeal pursuant to R.C. 5101.35(E) with the Cuyahoga County Court of Common Pleas. In his notice of appeal, he again claimed that his wife's food assistance benefits should be retroactive to June 28, 2011. ODJFS moved to dismiss the appeal for lack of jurisdiction, arguing that Johnson was not "adversely affected" by the underlying administrative decision because it had simply affirmed a remand to determine whether his wife's food assistance benefits should be retroactive to June 28, 2011. Johnson did not oppose the motion, and the trial court granted ODJFS's motion dismissing the appeal.

{¶6} It is from this order that Johnson now appeals. In his sole assignment of error, Johnson contends that the trial court "erred in failing to weigh the facts to determine whether or not ODJFS honored their duty for May 22, 2012 redetermined decision" [sic].

{¶7} In this case, the trial court dismissed Johnson's administrative appeal for lack of jurisdiction. This court affords questions of jurisdiction a de novo review. *L & F Tavern, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 09AP-873, 2010-Ohio-1025, ¶ 11.

{¶8} Johnson appealed to the common pleas court under R.C. 5101.35(E), which adopts the provisions in R.C. 119.12. R.C. 119.12 permits any party "adversely affected" by an order of an agency issued pursuant to an adjudication to appeal the order to the court of common pleas. "A party is adversely affected for purposes of R.C. 119.12 when

its rights, privileges, benefits, or pecuniary interests are the subject of the administrative adjudication, * * * and the party has been, or likely will be, injured by the administrative order." *Rose v. Dept. of Job & Family Servs.*, 160 Ohio App.3d 581, 2005-Ohio-1804, 828 N.E.2d 166 (12th Dist.), ¶ 11.

{¶9} Accordingly, in order to properly invoke the jurisdiction of the common pleas court from an administrative order, the party must be adversely affected from an administrative adjudication.

{¶10} In this case, Johnson appealed one issue to ODJFS — whether his wife's food assistance benefits should be retroactive to June 28, 2011. The administrative officer did not make any determination on this issue; rather, she stated:

> The state hearing decision overruled your food stamp and Medicaid appeals, but ordered the Agency to redetermine your wife's eligibility for Medicaid and food assistance retroactive to June 28, 2011. You appeal and argue that your wife is eligible back to June 28, 2011, not August 2011. Based on the hearing decision, your wife's Medicaid and food assistance are to be redetermined back to June 28. No further relief is available at this point. The agency is required to comply with the decision. * * *

{¶11} Without a determination of Johnson's wife's food assistance benefits, this ODJFS decision is not an adjudication. Therefore, Johnson was not "adversely affected" by an administrative adjudication for purposes of R.C. 119.12 by the agency decision from which he appealed; thus, he could not invoke the appellate jurisdiction of the common pleas court. *See Estep v. Ohio Dept. of Job & Family Servs.*, 10th Dist. Nos. 12AP-438 and 12 AP-490, 2012-Ohio-82.

{¶12} Although Johnson argues that the March 7, 2012 state hearing decision has

not "been honored to this day," this issue is not before this court. The issue is whether Johnson was adversely affected by an administrative adjudication at the time he submitted his appeal of the state hearing decision — March 15, 2012. Because no redetermination was conducted at the time he submitted his appeal of the March 7, 2012 decision, he was not adversely affected by an adjudication and his arguments raised on appeal before the ODJFS director and again in the administrative appeal in the trial court were not ripe for review.

{¶13} The record before this court is unclear whether the redetermination as previously ordered has since been conducted.[1] Nevertheless, for purposes of this appeal, Johnson did not properly invoke the court's jurisdiction; thus, the trial court did not err in granting the State's motion to dismiss. Johnson's assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

[1] It was revealed at oral argument that CCDJFS complied with the redetermination order on March 21, 2012. CCDJFS reaffirmed that the benefits Johnson requested were properly calculated to begin on the date of his application — August 23, 2011.

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EILEEN T. GALLAGHER, J., CONCUR