[Cite as *Ward v. Dept. of Job & Family Servs.*, 2015-Ohio-5539.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

SHAINE E. WARD

      Appellant

      v.

OHIO DEPARTMENT OF JOB AND
FAMILY SERVICES

      Appellee

C.A. No.     27621

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2014-07-3181

DECISION AND JOURNAL ENTRY

Dated: December 31, 2015

WHITMORE, Judge.

{¶1}   Appellant, Shaine Ward, appeals from the order of the Summit County Court of Common Pleas affirming the administrative agency decision of the Ohio Department of Job and Family Services ("ODJFS"). We affirm.

I

{¶2}   Mr. Ward applied through the Summit County Department of Job and Family Services for cash assistance, food assistance, and Medicaid. He also sought benefits for his son.

{¶3}   An investigation took place to verify whether Mr. Ward had a child living with him, where he was residing, and how he was supporting himself and his son. Investigators interviewed Mr. Ward and presented him with evidence that he had committed an intentional program violation ("IPV"), because he had failed to report several income producing properties, and thus had obtained food and assistance benefits to which he was not entitled.

{¶4} The investigators provided Mr. Ward with a waiver of administrative disqualification hearing form pursuant to Ohio Adm.Code 5101:6-20-30. The form notified Mr. Ward that the evidence against him consisted of "verification from the county auditor's website of rental property, IRS tax returns and video receiving cash payments." The form told Mr. Ward that he could have a hearing to determine whether he committed an IPV, and, if he won the hearing, no penalty would be imposed. The form also told Mr. Ward that he could waive the hearing and accept the applicable disqualification penalty. He could do this by admitting to the facts presented, or by not admitting the facts presented, and choosing to sign the waiver. Mr. Ward elected to sign the waiver, admit to the facts presented, and accept the disqualification penalty of 12 months disqualification from the food assistance program.

{¶5} Mr. Ward also signed a food assistance repayment agreement, acknowledging overpayment of $6,802 because he failed to report "earned income from self-employment" such that he "intentionally misrepresented [his] situation or [he] intentionally violated program rules causing an overissuance." On the same day, he signed a cognovit installment note, agreeing to repay the $6,802 within a month. Mr. Ward repaid the overpayment in full on the same day he signed the food assistance repayment agreement and the cognovit note. Mr. Ward's food assistance, and his Medicaid assistance, were then terminated for failure to verify income.

{¶6} Despite admitting to the IPV and the underlying facts of his failure to report income, and repaying the overpayment amount in full, Mr. Ward requested a state hearing to challenge the overpayment and the termination of his food assistance and Medicaid benefits. ODJFS overruled Mr. Ward's appeal as it pertained to his food assistance disqualification and overpayment, finding that he had waived the right to appeal on these matters, and also that he did

not have the right to appeal through the state hearing process. However, the ODJFS sustained Mr. Ward's appeal regarding his Medicaid benefits on procedural grounds.

{¶7} Mr. Ward next appealed to ODJFS's Director by requesting an administrative appeal from the state hearing decision. ODJFS entered an administrative appeal decision affirming the state hearing decision. ODJFS found that: (1) it had no jurisdiction to hear the appeal because Mr. Ward signed the waiver of administrative disqualification hearing form; (2) any issues regarding the food assistance overpayment were moot because Mr. Ward repaid the overpayment amount; and (3) Mr. Ward's Medicaid benefits were improperly terminated due to procedural error.

{¶8} Mr. Ward then appealed the administrative appeal decision to the common pleas court. The common pleas court held that the administrative appeal decision was supported by the requisite evidence and was in accordance with the law on the food assistance issues because they were waived, were moot, and had been pursued in the wrong forum at the agency level. The trial court also held that Mr. Ward could not challenge the portion of the agency's decision upholding his Medicaid-related challenge, because he had prevailed on that issue.

{¶9} Mr. Ward now appeals from the trial court decision, raising four assignments of error for our review. We will address his assignments of error together to facilitate analysis.

II

Assignment of Error Number One

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN REFUSING TO REVIEW THE AAD DECISION EVEN THOUGH THE AAD DECSION [SIC] WAS A FINAL AND APPEALABLE ORDER, THOUGH IT DETERMINED THAT ODJFS FAILED TO COMPLETE A PRE-TERMINATION REVIEW WHICH MAY IMPACT THE OUTCOME IN THE PENDING FOOD ASSISTANCE BENEFITS DECISION.

Assignment of Error Number Two

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN RULING ON NEEDING AN ADMINISTRATIVE DISQUALIFICAITON [SIC] HEARING DECISION IN ORDER TO RULE ON THE FOOD ASSISTANCE BENEFIT DISQUALIFICATION RULING SINCE THERE WAS NO ADMINISTRATIVE DISQUALIFICAITON [SIC] HEARING IN WHICH TO RULE UPON.

Assignment of Error Number Three

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN NOT ACCOUNTING FOR THE EVIDENCE IN THE RECORD THAT THE APPELLANT WAS NOT LIVING WITH HIS MINOR CHILD WHEN THERE IS RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE TO PROVE OTHERWISE.

Assignment of Error Number Four

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN NOT ACCOUNTING FOR THE EVIDENCE ON RECORD SHOWING THE INCOME OF THE APPELLANT PER THE AFFIDAVIT FROM HIS ACCOUNTANT, JAY REITZES, CONFLICTS WITH THE PERSONAL INCOME REPORTED FROM ODJFS.

{¶10} In his assignments of error, Mr. Ward challenges the merits of the findings that he committed an IPV with regard to the food assistance program violation and received overpayment. He also challenges the determination that ODJFS lacked jurisdiction to review the finding that his Medicaid benefits were improperly terminated. We disagree.

{¶11} When, as here, the common pleas court reviews an administrative agency order pursuant to R.C. 119.12, the trial court generally must affirm the agency's order if it is (1) supported by reliable, probative and substantial evidence and (2) in accordance with the law. *Wise v. Ohio Motor Vehicle Dealers Bd.*, 106 Ohio App.3d 562, 565 (9th Dist.1995) (citations omitted). When it determines whether the agency's decision is supported by reliable, probative, and substantial evidence, the trial court must give "'due deference to the administrative resolution of evidentiary conflicts.'" *Id.*, quoting *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d

108, 111 (1980). Thus, the common pleas court's review is a hybrid one, and examines "both the factual and legal determinations made by the agency." *Wise* at 565.

{¶12} This court's scope of review of the common pleas court's determination of an appeal from an administrative agency decision based upon the evidence is confined to whether the common pleas court abused its discretion. *Id.* An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶13} In the instant case, the common pleas court did not review the ODJFS's factual determinations concerning whether Mr. Ward committed violations of the assistance programs. Rather, the court concluded that, as a matter of law, Mr. Ward's claims were precluded from further review. Accordingly, "we need only determine whether the court's decision was in accordance with the law." *Wise* at 566. The common pleas court does not exercise discretion on questions of law. *Grill v. Ohio Dept. of Job and Family Services*, 9th Dist. Medina No. 03CA0029-M, 2003-Ohio-5780, ¶ 16. Thus, our review is plenary. *Id.*

{¶14} Ohio permits an individual accused of committing an IPV to either (1) attend an administrative disqualification hearing, or (2) waive a hearing by signing a waiver of administrative disqualification hearing form. *See* Ohio Adm.Code 5101:6-20-15; Ohio Adm.Code 5101:6-20-30. A person who chooses the latter option and signs the form waives the administrative disqualification hearing and accepts the penalties, including a disqualification period. *See* Ohio Adm.Code 5101:6-20-30(C)(8). Individuals who have signed a waiver of the right to an administrative disqualification hearing for an IPV generally are disqualified from the food assistance program for 12 months for the first violation. Ohio Adm.Code 5101:6-20-03(A)(2).

{¶15} Mr. Ward signed the waiver of administrative disqualification hearing. He also checked a box on the waiver stating, "I admit to the facts presented and understand that a disqualification penalty will be imposed if I sign this waiver." The facts included "not reporting * * * earned income from self-employment."

{¶16} We agree with the trial court that Mr. Ward's execution of the waiver form bars a challenge on appeal to the finding that he committed an IPV, and the resulting disqualification penalty. Ohio law is clear that, "[n]o further administrative appeal procedures exist * * * after the individual waives the right to an administrative disqualification hearing and a disqualification penalty has been imposed." Ohio Adm.Code 5101:6-20-19(A). Thus, when Mr. Ward signed the waiver of administrative disqualification hearing form, expressly admitting to the IPV and underlying facts, and accepting the disqualification penalty, he foreclosed the opportunity to challenge the IPV before ODJFS. By not raising any issues before ODJFS to challenge the IPV, the factual basis thereof, or the disqualification penalty, Mr. Ward forfeited the right to raise those issues on appeal. "The failure to raise an issue before an administrative board operates as a waiver of that issue" in an appeal to the court of common pleas. *Tipton v. Woltz*, 9th Dist. Summit No. 22722, 2005-Ohio-6989, ¶ 8. Accordingly, the common pleas court did not err when it determined that Mr. Ward could not raise in the trial court challenges to the IPV and disqualification penalty that he did not raise before ODJFS.

{¶17} We also find that Mr. Ward waived an appeal of the food assistance overpayment. An overpayment is calculated by subtracting the amount of benefits the applicant should have received from the amount of benefits the applicant actually received. Ohio Adm.Code 5101:4-8-17(A)(2)(b). Mr. Ward signed a repayment agreement that specified that Mr. Ward's "household accrued [$6,802] more food assistance than the household was eligible to receive because [he]

intentionally misrepresented [his] situation or [he] intentionally violated program rules causing an overissuance." The repayment agreement also made clear that if Mr. Ward did not agree with the amount ODJFS said he owed, he could have requested a fair hearing. Mr. Ward did not disagree or request a hearing, however. Instead, he signed a cognovit installment note and promised to repay the $6,802. The cognovit note gave Mr. Ward a month from the date of signing to repay the overpayment.

{¶18} Instead of waiting for a month to repay the overpayment, Mr. Ward paid the full amount on the same day he signed the repayment agreement and cognovit note. Mr. Ward agreed to have some of the repayment removed from his electronic benefit transfer card, and then wrote a check for the balance of the repayment.

{¶19} Generally, "'the doctrine of waiver is applicable to all personal rights and privileges, whether secured by contract, conferred by statute, or guaranteed by the Constitution, provided that the waiver does not violate public policy.'" *Sanitary Commercial Servs., Inc. v. Shank*, 57 Ohio St.3d 178, 180 (1991), quoting *State ex rel. Hess v. Akron*, 132 Ohio St. 305. 307 (1937). The statutory right to appeal an agency decision may validly be waived if the party aggrieved by agency's order knew of the right to appeal, intended to waive the right, and gave and received sufficient consideration for waiving the right. *Shank* at 180.

{¶20} Here, all of the requirements for a valid waiver have been satisfied. First, the food assistance repayment agreement informed Mr. Ward of his right to appeal. In bold typeface on the front of the agreement, it stated, "If you do not agree with the amount we say you owe, you have the right to a fair hearing." The agreement also gave instructions regarding how to request a hearing. Second, Mr. Ward manifested his intention to waive the right to an appeal by signing the agreement. Third, sufficient consideration was supplied by ODJFS's promise in

connection with the cognovit note to extend Mr. Ward's time for repayment for a month, and forbear litigation during that time. *See Roberts v. Union Natl. Mtge. Co.*, 9th Dist. Summit No. 10383, 1982 WL 4990, *3 (May 5, 1982) (a promise to forbear litigation is consideration). Thus, the trial court did not abuse its discretion when it found that Mr. Ward waived an appeal of the food assistance overpayment.

{¶21} Even if Mr. Ward had not waived an appeal of the overpayment, his appeal on this issue is moot. We will not review an action that does not involve a live controversy; such an action must be dismissed as moot. *Lorain Cty. Bd. of Commrs. v. U.S. Fire Ins. Co.*, 81 Ohio App.3d 263, 266-267 (9th Dist.1992). By signing the repayment agreement and cognovit note in place of pursuing a hearing, and repaying the overpayment in full, Mr. Ward voluntarily satisfied the overpayment obligation. Thus, there is no live controversy between the parties regarding the overpayment, and no viable issue for appeal.

{¶22} Mr. Ward's remaining challenge in this appeal is to the trial court's determination that it lacked jurisdiction to hear his Medicaid appeal. An appellant must be "adversely affected" by an agency's decision before he may appeal to the court under R.C. 119.12. *Rose v. Ohio Dept. of Job and Family Servs.*, 160 Ohio App.3d 581, 2005-Ohio-1804, ¶ 11 (12th Dist.). When the "adversely affected" requirement is not met, a common pleas court lacks jurisdiction over the appeal. *See id.* at ¶ 12.

{¶23} An appellant is "adversely affected" by an agency decision, and has standing to appeal under R.C. 119.12, when his "rights, privileges, benefits, or pecuniary interests are the subject of the administrative adjudication" and he "has been, or likely will be, injured by the administrative order." (Citations omitted.) *Id.* at ¶ 11. Here, as reflected in ODJFS's administrative appeal decision and its state hearing decision, Mr. Ward's Medicaid appeal was

sustained. These decisions require continuation of Mr. Ward's Medicaid coverage pending a pre-termination review. ODJFS did not allow termination of Mr. Ward's Medicaid benefits and, therefore, its decisions did not injure Mr. Ward. Thus, Mr. Ward was not adversely affected, and the common pleas court correctly recognized that it did not have jurisdiction over the portion of Mr. Ward's appeal pertaining to his Medicaid benefits.

{¶24} Accordingly, we overrule Mr. Ward's assignments of error.

III

{¶25} Mr. Ward's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

SHAINE E. WARD, pro se, Appellant.

MICHAEL DEWINE, Attorney General, and ALLAN K. SHOWALTER, Assistant Attorney General, for Appellee.