[Cite as *Brady v. Youngstown State Univ.*, 2022-Ohio-353.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Andre Brady, :

     Appellant-Appellant, :

                                        No. 20AP-444

v. : (C.P.C. No.18CV-9030)

Youngstown State University, : (REGULAR CALENDAR)

     Appellee-Appellee. :

---

D E C I S I O N

Rendered on February 8, 2022

---

**On brief:** *Renny J. Tyson Co., LPA*, and *Renny J. Tyson*, for appellant. **Argued:** *Renny J. Tyson*.

**On brief:** *Dave Yost*, Attorney General, *Joseph N. Rosenthal*, and *Devon J. Alexander*, for appellee. **Argued:** *Joseph N. Rosenthal*.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, Andre Brady, appeals from a judgment of the Franklin County Court of Common Pleas dismissing appellant's R.C. 119.12 administrative appeal of an order from the State Personnel Board of Review ("SPBR") for lack of subject-matter jurisdiction. Because we agree that the lower court lacked subject-matter jurisdiction over appellant's administrative appeal, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

{¶ 2} The facts in this case are largely undisputed. Appellant was employed by appellee, Youngstown State University, in the classified position of "Sales Manager 3," working in the university bookstore. On May 20, 2016, appellee announced its intention, for reasons of economy, to outsource its bookstore operation to Barnes and Noble College, which would result in the abolishment of several bookstore positions and the layoff of the employees occupying those positions, including appellant. On May 20, 2016, appellee notified appellant that his position had been abolished and that he was being laid off. This notification also indicated that the management of the university bookstore would transfer to Barnes and Noble College effective June 1, 2016. Appellant appealed the abolishment of his position and his resulting layoff to SPBR.

{¶ 3} On December 14, 2016, an administrative law judge ("ALJ") conducted a hearing on appellant's appeal. In a report and recommendation issued on March 17, 2017, the ALJ found that appellee had demonstrated adequate justification for abolishing appellant's position for reasons of economy. The ALJ recommended that SPBR affirm appellee's abolishment of appellant's position and his resulting layoff. Appellant filed objections to the ALJ's report and recommendation.

{¶ 4} On August 16, 2017, SPBR heard oral argument on appellant's appeal. One year later, SPBR had not yet ruled on appellant's objections to the ALJ's report and recommendation.

{¶ 5} On August 16, 2018, appellee notified appellant by letter that, effective August 27, 2018, it was rescinding the abolishment of appellant's position, and it further directed appellant to return to work on August 27, 2018. Appellee also informed appellant that, because it was no longer operating the bookstore, appellant's position would be abolished for lack of work upon his return.

{¶ 6} On August 20, 2018, appellee filed a "notice of rescission" with SPBR indicating that it had rescinded its abolishment of the Sales Manager 3 position previously held by appellant. The notice of rescission further indicated that "[t]he back-pay that arose as a result of the rescission will be calculated and processed as soon as Brady provides Appellee with information regarding mitigating activities between the time of his termination and August 27, 2018—the effective date of the rescission."

{¶ 7} On August 27, 2018, appellant reported for work and appellee attempted to gather documents from him so it could calculate the amount of backpay appellant was owed. However, appellant declined to provide documentation showing his earnings between the date of his termination and his return to work on August 27, 2018.

{¶ 8} Because there was no place for appellant to perform the duties of a Sales Manager 3, appellee placed him on paid administrative leave pending the abolishment of his position, for lack of work, which would become effective on September 11, 2018.

{¶ 9} Appellee issued paychecks to appellant for his full earnable wages between August 27, 2018 (the date of his return to work) and September 11, 2018 (the effective date of the position abolishment for lack of work), but he did not cash the paychecks.

{¶ 10} Appellee notified appellant that, due to a lack of work, it was necessary to abolish his position, and therefore, he would be laid off. Appellee notified appellant that he had the right to appeal the position abolishment and his resulting lay off to SPBR. The record before us does not indicate whether appellant appealed the second abolishment of his position, and if so, the outcome of that appeal. On October 17, 2018, SPBR issued an order adopting appellee's rescission of the abolishment of appellant's position and his reinstatement and dismissed appellant's appeal. Appellant then filed an appeal with the Franklin County Court of Common Pleas.

{¶ 11} In a decision and judgment dated August 25, 2020, the trial court found that SPBR's adoption of appellee's rescission did not constitute an "adjudication" as defined in R.C. 119.01(D), and therefore, that order was not appealable under R.C. 119.12(B). Consequently, the trial court dismissed the case for lack of subject-matter jurisdiction. Appellant appeals, assigning the following errors:

> [1.] The trial court erred in concluding that the State Personnel Board of Review Order was a ministerial act and not an adjudication subject to appeal pursuant to Ohio Revised Code § 119.12.
>
> [2.] The trial court erred in upholding the State Personnel Board of Review's adoption of the rescission of the abolishment of the Sales Manager 3 position previously held by appellant wherein the rescission was not a truthful, authentic or legal rescission.

[3.] The trial court erred by adopting the SPBR decision accepting the alleged rescission of the abolishment of the Sales Manager 3 position when the decision was contrary to the manifest weight of the evidence and was not supported by reliable, probative and substantial evidence.

**Legal Analysis**

{¶ 12} In his first assignment of error, appellant alleges the trial court erred in holding that SPBR's administrative order was a ministerial act and not an adjudication subject to appeal under R.C. 119.12. Therefore, appellant contends the trial court erred when it dismissed the administrative appeal for lack of subject-matter jurisdiction.

{¶ 13} An appellate court reviews de novo a common pleas court's dismissal for lack of subject-matter jurisdiction. *Univ. of Toledo v. Ohio State Emp. Relations Bd.*, 10th Dist. No. 11AP-834, 2012-Ohio-2364, ¶ 8; *Benevolent Emps. v. State Emp. Relations Bd.*, 10th Dist. No. 12AP-377, 2012-Ohio-5905, ¶ 7.

{¶ 14} A court of common pleas may review proceedings of administrative agencies and officers only to the extent granted by law. *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, ¶ 8, citing Section 4(B), Article IV, Ohio Constitution. Thus, a court of common pleas may only review actions of administrative agencies when some specific statutory authority grants the court jurisdiction. *Benevolent* at ¶ 8, citing *Total Office Prods. v. Dept. of Adm. Servs.*, 10th Dist. No. 05AP-955, 2006-Ohio-3313, ¶ 12, citing *Abt v. Ohio Expositions Comm.*, 110 Ohio App.3d 696, 699 (10th Dist.1996).

{¶ 15} Here, appellant, a classified employee, was laid off from his Sales Manager 3 position due to appellee's abolishment of his position for alleged economic reasons. R.C. 124.328 grants a classified employee the right to appeal a layoff to SPBR. This statute further provides for an appeal of SPBR decisions to the court of common pleas "in accordance with section 119.12 of the revised code." *Id.* In turn, R.C. 119.12 provides that subject to certain exceptions not involved here, any party adversely affected by an order of an agency issued pursuant to an adjudication may appeal to the Franklin County Court of Common Pleas. SPBR adjudications are generally subject to judicial review pursuant to R.C. 119.12. *South Community, Inc. v. State Emp. Relations Bd.*, 38 Ohio St.3d 224, 226 (1988).

{¶ 16} Appellee argued below that appellant's appeal was moot because appellee rescinded the abolishment of appellant's Sales Manager 3 position and reinstated appellant to his former position with an offer of backpay due. Therefore, appellee argued that appellant had received the relief he sought in his appeal to SPBR. Because there was reliable, probative, and substantial evidence supporting these facts, appellee argued that the SPBR did not err in dismissing the appeal.

{¶ 17} Appellant argued below that appellee's rescission of its abolishment of appellant's position and its reinstatement of appellant to his former position with applicable backpay "was not a true, authentic, or legal rescission" because upon appellant's return to work, appellee again abolished appellant's position. Essentially, appellant contends that appellee rescinded its first abolishment of the Sales Manager 3 position because it recognized that its purported reason for the abolishment—"economic reasons"—was not defensible. According to appellant, the rescission allowed appellee to abandon its defense of the first position abolishment without SPBR determining the legality of that action, knowing that upon appellant's return to his position of employment, it intended to abolish the position again based on a different reason ("lack of work"). Because appellant contested the legality of appellee's rescission, appellant argued that SPBR erred in dismissing his appeal.

{¶ 18} The lower court did not address the merits of these arguments. Rather, the lower court focused on whether SPBR's order constituted an "adjudication." The lower court noted that R.C. 119.12(B) provides in relevant part that "[a]ny party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county." R.C. 119.01(D) defines "adjudication" as "the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application * * *, nor other acts of a ministerial nature." The lower court held that SPBR's order adopting appellee's rescission of its position abolishment was a ministerial act and not an adjudication subject to appeal pursuant to R.C. 119.12(B). Therefore, the lower court concluded that it lacked jurisdiction to review SPBR's order. We agree.

{¶ 19} The appeal before SPBR involved a challenge to appellant's layoff due to appellee's abolishment of his Sales Manager 3 position. Appellant contested the legitimacy of the ground appellee relied on ("economic reasons") for the position abolishment and layoff. This issue became moot when appellee rescinded the position abolishment, ordered appellant to return to work, and offered him all backpay due. SPBR's adoption of appellee's rescission was not an adjudication as defined in R.C. 119.01(D) because SPBR did not determine the "rights, duties, privileges, benefits or legal relations" of the parties with respect to the issue that was before it. SPBR's order did not address the merits of the appeal. Appellant concedes that SPBR did not comment on or issue a decision regarding the validity of appellee's stated reason for the abolishment of appellant's position and resulting layoff. (Appellant's brief at 4, 18-20.) Without an adjudication, the lower court lacked jurisdiction to review SPBR's order under R.C. 119.12(B).

{¶ 20} In arguing that SPBR's order is an adjudication for purposes of R.C. 119.12(B), appellant relies heavily on *Benevolent*, 10th Dist. No. 12AP-377, 2012-Ohio-5905. That reliance is misplaced. The administrative order at issue in *Benevolent* (a directive of the State Employment Relations Board) was found to be an adjudication for purposes of the lower court's subject-matter jurisdiction *because it specifically determined the rights of certain employees* within a bargaining unit to proceed with conciliation for a collective bargaining agreement. As noted above, SPBR made no determination of rights in the case at bar.[1]

{¶ 21} Moreover, appellant was not "adversely affected" by SPBR's order. The remedy appellant sought in his appeal to SPBR was to be restored to his Sales Manager 3 position and to receive all backpay to which he was entitled. (Appellant's lower court brief at 15.) This is precisely the position appellant was restored to following appellee's recession of the position abolishment and its reinstatement of appellant to his former position with any backpay due. Although appellee restored appellant to a position that only existed on paper, this is the same remedy appellant would have received if his appeal had been

---

[1] Appellant also cites *Youngstown Sheet & Tube Co. v. Williams*, 10th Dist. No. 76AP-181, 1976 Ohio App. LEXIS 7565 (Oct. 26, 1976) in support of its contention that the lower court had jurisdiction to review SPBR's order. *Youngstown* does not support appellant's argument. In *Youngstown*, the court simply recognized a permit applicant's right to an adjudicatory hearing before the director of the Ohio Environmental Protection Agency following the director's withdrawal of several proposed permits. *Youngstown* did not involve the issue of subject-matter jurisdiction.

successful because appellee was no longer operating a bookstore and it had no other Sales Manager 3 positions. In addition, because the position abolishment and appellant's layoff were rescinded, the basis for appellant's appeal to SPBR pursuant to R.C. 124.328 was eliminated, and therefore, SPBR's dismissal of his appeal did not adversely affect him. In essence, appellant had already received the remedy he sought in the appeal.

{¶ 22} An appellant must be "adversely affected" by an agency's decision before he may appeal to the court under R.C. 119.12. *Rose v. Ohio Dept. of Job & Family Servs.*, 160 Ohio App.3d 581, 2005-Ohio-1804, ¶ 11 (12th Dist.). When the "adversely affected" requirement is not met, a common pleas court lacks jurisdiction over the appeal. *Id.* at ¶ 2; *Ward v. Ohio Dept. of Job & Family Servs.*, 9th Dist. No. 27621, 2015-Ohio-5539, ¶ 22. An appellant is "adversely affected" by an agency decision, and can appeal under R.C. 119.12, when his " 'rights, privileges, benefits, or pecuniary interests are the subject of the administrative adjudication' " and he " 'has been, or likely will be, injured by the administrative order.' " *Ward* at ¶ 23, quoting *Rose* at ¶ 11. Here, SPBR's adoption of appellee's rescission of the position abolishment and layoff, and SPBR's dismissal of the appeal, did not adversely affect appellant because the rescission restored him to his former position with any backpay due. Therefore, the lower court lacked subject-matter jurisdiction to hear the appeal under R.C. 119.12(B).

{¶ 23} We recognize that after appellee restored appellant to his former position, appellee quickly abolished that position due to lack of work. That second abolishment for lack of work resulted in appellee laying off appellant again. Appellant had the right to appeal his second layoff to SPBR. In such an appeal, appellant could challenge appellee's actions and motives, including the impact, if any, of any labor agreement. Again, the record before us does not indicate whether appellant appealed the second position abolishment and layoff.[2] Regardless, the second position abolishment and layoff are not relevant in determining whether the lower court had subject-matter jurisdiction to hear an appeal of SPBR's October 17, 2018 order.

---

[2] Appellee represented in its brief to this court that appellant did appeal the September 11, 2018 position abolishment to SPBR on September 20, 2018. Appellee states that "by Order of the Board dated January 11, 2019, the abolishment was affirmed 'due to a demonstrated lack of work and due to Appellee's demonstrated compliance with the applicable procedural requirements set for [sic] in R.C. 124.321 through 124.327.' " (Appellee's brief at 3.)

{¶ 24}  For these reasons, we overrule appellant's first assignment of error.

{¶ 25}  Appellant's second and third assignments of error address the merits of SPBR's adoption of the notice of rescission and dismissal of the case.  Because we have determined the lower court did not err in dismissing the administrative appeal for lack of subject-matter jurisdiction, appellant's second and third assignments of error are moot. Therefore, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., concurs.
JAMISON, J., dissents.

JAMISON, J., dissenting.

{¶ 26}  In this case, I conclude that the majority opinion is incorrect.  I conclude that SPBR had to do more than a ministerial act when it incorporated by reference the rescission and adopted the rescission and dismissed appellant's appeal.  Therefore, I respectfully dissent.

{¶ 27}  The operative facts as recited by the majority are correct.  A hearing was held before SPBR on August 16, 2017 where appellant submitted evidence.  SPBR did not rule upon the evidence.  On August 16, 2018, appellee informed appellant that the abolishment of his position as Sales Manager 3, previously held at YSU, was being rescinded.  Appellant was directed to return to work on August 27, 2018.  The same letter also informs appellant, "that since we are no longer operating the YSU Bookstore, your position will be abolished for lack of work upon your return."  (YSU Exhibit 1.)

{¶ 28}  The majority relies upon the definition of adjudication in R.C. 119.01 which reads in pertinent part:

> "Adjudication" means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person, but does not include the issuance of a license in response to an application with respect to which no question is raised, nor other acts of a ministerial nature.

R.C. 119.01(D).

{¶ 29} Appellee would ask this court to discard common sense to find that the adoption of the rescission was not an adjudication. First, appellee is in no position through filing a "notice of rescission" to terminate the case. A notice of dismissal can be done by a petitioner or plaintiff not a respondent or defendant. *See* Civ.R. 41. Upon receipt of the notice of rescission, SPBR began a procedural review process. Appellant filed a motion to extend time to file a response to the notice of rescission. On August 29, 2018, SPBR issued a procedural order extending the deadline for appellant to reply to appellee's notice of rescission. On September 18, 2018, appellant filed a response to appellee's notice of rescission arguing that it violated the current terms of the labor agreement between appellee and Association of Classified Employees. SPBR could not have performed a ministerial action if they conducted a review of the notice of rescission, the agreement between appellee and Association of Classified Employees, and the response filed by appellant prior to reaching a decision. Lastly, SPBR adjudicated the notice of rescission as a motion on the merits when it adopted and incorporated the notice of rescission into its order.

{¶ 30} Ohio Adm.Code 124-11-07 reads in pertinent part:

> (A) All motions shall state, with particularity, both the relief sought and the basis for such relief.
>
> (1) All motions, and any supporting documentation shall be served on the opposing party.
>
> (2) Motions to dismiss an appeal shall be supported by affidavits, made on personal knowledge, setting forth facts as would be admissible in evidence. Affidavits shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers referred to in an affidavit shall be attached thereto. When a motion is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials. An adverse party's response, by affidavit or otherwise, shall set forth specific facts showing there is a genuine issue in dispute.

Because YSU is appellee in the proceeding, YSU must request or move SPBR to dismiss the case and supply an affidavit. Upon the record review, no affidavit has been supplied with

the motion to dismiss the appeal. Let's look at the actions of SPBR. The order of SPBR dated October 17, 2018 states:

> [t]hese matters came on for consideration on the motion of Appellee that the Rescission attached hereto be adopted. Being fully advised in the premises, the Board hereby orders that the rescission, incorporated herein by reference and made a part of the case files in these appeals, is ADOPTED, and appellant's appeals are DISMISSED.

(Aug. 25, 2020 Decision and Jgmt. Entry at 4.)

SPBR failed to provide an analysis for adopting and incorporating the rescission. I believe that one can find that there is more than an inference from the notice of rescission that appellee introduced to SPBR that appellant could return to the position he held prior to his termination. This inference was proven false by appellant's lack of job responsibilities and the letter indicating that upon returning to work that he would be subsequently terminated. Further, appellant was placed on administrative leave when he returned to work because the position was non-existent. I would find that appellee presented false information to SPBR and that appellee failed to supply an affidavit with a motion to dismiss. The notice of rescission should not have been adopted by SPBR for these reasons.

{¶ 31} Because the trial court found that there is no final appealable order in this case, the trial court failed to reach appellant's argument of bad faith.

{¶ 32} Ohio Adm.Code 124-7-01(A) provides that:

> (A) Job abolishments and layoffs shall be disaffirmed if the action was taken in bad faith. The employee must prove the appointing authority's bad faith by a preponderance of the evidence.
>
> (1) The appointing authority shall demonstrate by a preponderance of the evidence that a job abolishment was undertaken due to a lack of a continuing need for the position based on: a reorganization for the efficient operation of the appointing authority; reasons of economy; or a lack of work expected to last one year or longer; or any combination thereof.
>
> (2) The appointing authority shall demonstrate by a preponderance of the evidence that a layoff was undertaken due to a temporary lack of work or lack of funds expected to last less than one year.

(3) Layoffs and abolishments may only be affirmed if the appointing authority has substantially complied with procedural requirements set forth in sections 124.321 to 124.394 of the Revised Code and the administrative rules promulgated pursuant to these statutes.

{¶ 33} In *Moore v. Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-381, 2010-Ohio-5970, a hearing was held before an administrative hearing officer where John D. Moore, the appellant, argued that the Ohio Department of Rehabilitation and Correction acted in bad faith by moving Edwin Dunn into a position that had already been designated for abolishment, knowing that this would result in appellant being laid off instead of Dunn. In the administrative hearing officer's report, the hearing officer granted that portion of appellee's motion seeking dismissal of the abolishment appeal but concluded that appellant was entitled to assert a bad faith claim in challenging his displacement.

{¶ 34} SPBR will disaffirm abolishments or layoffs taken in bad faith. Bad faith can be established by evidence or reasonable inferences from the evidence that job abolishments were used as a subterfuge to subvert the civil service system. "Where the intent and consequence of the employer's method is to subvert the civil service system to allow the selection of handpicked employees to fill jobs that should have been available to civil service workers based upon seniority and retention points, bad faith has been shown." *Blinn v. Ohio Bur. of Emp. Serv.*, 29 Ohio App.3d 77, 80 (10th Dist.1985).

> An appointing authority has the power to abolish a civil service position pursuant to a plan of reorganization. *Weston v. Ferguson* (1983), 8 Ohio St.3d 52, 53, 8 Ohio B. 523, 457 N.E.2d 818. The abolition of the civil service position must be done in good faith and not as a subterfuge. *State ex rel. Stoer v. Raschig* (1943), 141 Ohio St. 477, 49 N.E.2d 56, paragraph one of the syllabus. An abolishment is valid when it is done for purposes of economy, improved public service and there are no ulterior motives. *Id.*

*Combs v. Montgomery Cty. Veterans Serv. Ctr.*, 10th Dist. No. 04AP-804, 2005-Ohio-1815, ¶ 15.

{¶ 35} In this case, the letter from appellee dated September 17, 2018 proves by a preponderance of the evidence that there is no Sales Manager 3 position at YSU available to appellant. Further, it states that he cannot displace within his classification. The letter further informs appellant that he will be laid off from the position of Sales Manager 3

effective September 24, 2018. Appellant was placed on administrative leave upon returning to YSU until he was terminated for lack of work.

{¶ 36} The original action taken by appellee was termination for economic reasons. Since the entire bookstore was eliminated, one could assume that it was a position abolishment rather than individual termination. Since the termination of the same position, Sales Manager 3 was rescinded, it begs the question whether it was the position or just appellant as an employee which was terminated. As the other employees had reached settlements, I would find that the rehire was pretextual and it was appellant as an employee that was being terminated. Appellant's claim for bad faith is still outstanding for prosecution.

{¶ 37} Based upon the foregoing, I would sustain appellant's three assignments of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand the matter for further proceedings. Because the majority does not, I respectfully dissent.

————————————