By the Court.
 

 On June 21, 1938, the appellants filed with the Public Utilities Commission their notice of appeal from an order entered on April 26, 1938, in formal case No. 3307 which has heretofore been designated as the statewide Bell Telephone Company rate ease.
 

 In the prayer of the notice of appeal appellants seek to have that order of April 26, 1938, reversed. In the notice it is likewise stated that “on the 25th day of May, 1938, appellants filed with the Public Utilities Commission of Ohio their petition and application for rehearing of said cause in accordance with General Code of Ohio, Sections 543 and 614-43,
 
 and for leave to intervene, which was denied by order on June 21, 1938.”
 
 The portion italicized was inserted in the notice of appeal by interlineation.
 

 A motion was filed in this court to dismiss the appeal on the ground that appellants were never parties to the proceedings before the Public Utilities Commission. Because of the ambiguity created by the portions
 
 *347
 
 interlineated in the notice of appeal, that motion was overruled.
 

 An application for rehearing of the motion to dismiss having been filed, it is evident from an examination of the notice of appeal that the only order sought to be set aside is the one entered April 26, 1938. The question of whether the commission, by its order of June 21, 1938, improperly denied appellants the right to intervene is not before.this court in this appeal.
 

 Under Section 545, General Code, the right to appeal is limited to any party to the proceeding, and the record clearly shows that appellants were neither parties to the proceeding at the time the order of April 26, 1938, was entered nor were they subsequently made parties. Unless a statute otherwise provides it is fundamental that no one can appeal from an order to which he is not a party. Neither Section 543 nor Section 614-43, General Code, when read in connection with Section 614-21, General Code, gives the appellants such a right. In appeals from orders of the Public Utilities Commission an aggrieved person must first be a party before an appeal to reverse an order fixing rates will be entertained by this court.
 
 City of Cleveland
 
 v.
 
 Public Utilities Commission,
 
 127 Ohio St., 432, 189 N. E., 5.
 

 It should be noted that no motion to dismiss the appeal was filed in the case of
 
 Dworken
 
 v.
 
 Public Utilities Commission,
 
 133 Ohio St., 208, 12 N. E. (2d), 490, cited by counsel.
 

 After a consideration of the application for rehear ing filed in this court and a re-examination of tin record, the motion to dismiss the appeal is sustained
 

 Appeal dismissed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Whilliams, Myers and Gorman, JJ., concur.