[Cite as *Peck c/o Legacy Health Servs v. Dept. of Job and Family Servs.*, 2018-Ohio-2353.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| EVELYN PECK c/o LEGACY HEALTH SERVICES d.b.a. MAPLEVIEW COUNTRY VILLA, | : | **O P I N I O N** |
| | : | |
| Appellant, | : | **CASE NO. 2018-G-0152** |
| | : | |
| - vs - | : | |
| OHIO DEPARTMENT OF JOB & FAMILY SERVICES, | : | |
| | : | |
| Appellee. | : | |
| | : | |

Administrative Appeal from the Geauga County Court of Common Pleas, Case No. 2017A000359.

Judgment: Affirmed.

*Jennifer Ann Coy*, sb2, Inc., 1426 North 3rd Street, Suite 200, P.O. Box 5400, Harrisburg, PA 17110 (For Appellant).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215, and *Rebecca L. Thomas*, Assistant Attorney General, State Office Tower, 30 East Broad Street, 26th Floor, Columbus, OH 43215 (For Appellee).

DIANE V. GRENDELL, J.

{¶1} Appellant, Evelyn Peck c/o Legacy Health Services d/b/a Mapleview Country Villa, appeals the dismissal of its appeal of an administrative appeal decision by the Geauga County Court of Common Pleas. The issues before this court are whether a reviewing court may amend a notice of appeal after the dismissal of the appeal and

whether a nursing facility may seek an undue hardship exemption as an authorized representative on behalf of a client in the absence of express authorization to initiate such a proceeding. For the following reasons, we affirm the decision of the court below.

{¶2} On May 4, 2017, Legacy Health Services d/b/a Mapleview Country Villa filed a Notice of Appeal to Court of Common Pleas, providing as follows:

> Pursuant to R.C. § 5101.35(E) and R.C. § 119.12, notice is hereby given that Legacy Health Services d/b/a Mapleview Country Villa (hereinafter "Mapleview"), on behalf of Evelyn Peck, as her Designated Authorized Representative, by and through its undersigned counsel, hereby appeals the ODJFS Bureau of State Hearings' April 18, 2017 Administrative Appeal Decision, Appeal No. 4174041, to the Geauga County Court of Common Pleas.

The Notice was filed by Jennifer A. Coy of the law firm sb2 inc.

{¶3} The Administrative Appeal Decision, rendered by the Ohio Department of Job and Family Services, provides the relevant factual background:

> [Evelyn Peck] is 103 years old and in a nursing facility (NF). [Her] son is her Power of Attorney and authorized representative (AR). An application for long term care facility (LTCF) benefits was made by the son on July 25, 2016. The application/verification process was completed by [Evelyn's] son. The application was approved with an RMCP [restricted Medicaid coverage period] from September 1, 2016 through January 31, 2017 and a partial for February 2017. * * * The RMCP resulted from an improper transfer

2

of $34,000 as a result of [Evelyn's] son writing checks out of his mother's account for that total.

On December 7, 2016, the NF issued a 30-day discharge notice to [Evelyn] and the AR. * * * The discharge was not appealed through the Department of Health. On December 21, 2016, a written request for an undue hardship exemption was submitted by the NF. * * *

The Agency denied that hardship request on January 13, 2017 on the grounds that [Evelyn] was not in jeopardy of being denied basic needs due to not exhausting all legal remedies and appeals to challenge the planned discharge or to recover transferred assets. * * *

* * *

Having reviewed the record and decision, we must agree with the decision that the requirement of the rule[1] is plain and [Evelyn] did not comply.

{¶4} On June 26, 2017, Job and Family Services filed a Motion to Dismiss for the following reason: "The Court lacks jurisdiction because Legacy Health Services d/b/a Mapleview Country Villa is not the real party in interest and lacks standing to prosecute this appeal on Ms. Peck's behalf."

{¶5} On July 5, 2017, Attorney Coy, on behalf of Peck c/o Mapleview filed a Motion in Opposition to Appellee's Motion to Dismiss, contending that Mapleview had

---

1. Former Ohio Adm.Code 5160:1-3-07.2(N)(4)(d)(ii) [now 5160:1-6-06.6(E)(4)(b)]: "The Individual has exhausted all administrative remedies to challenge the planned discharge."

standing to bring the appeal as Peck's authorized representative: "Prior to her admission [to Mapleview Country Villa], Ms. Peck designated Mark Ross as her Power of Attorney. * * * Mark Ross, in turn, executed a Designation of Authorized Representative form on November 2, 2016 which designated Sharon Robinette of Mapleview to serve as Ms. Peck's authorized representative. * * * Sharon Robinette of Mapleview retained sb2 inc. as legal counsel to represent Ms. Peck and appeal GDJFS' denial of the Undue Hardship Exemption request."

{¶6} On July 11, 2017, the trial court on its own motion advised the parties that Evelyn Peck had died on June 5, 2017.

{¶7} On November 14, 2017, Attorney Coy, on behalf of "Plaintiff * * * Mapleview Country Villa as authorized representative of Evelyn Peck," filed a Motion for Substitution of Party–Deceased Plaintiff, "giv[ing] notice of the Death of Plaintiff Evelyn Peck in this action and mov[ing] that the Special Administrator of Evelyn Peck's Estate, Jennifer Coy, be substituted for Evelyn Peck as Plaintiff in the instant action pursuant to Ohio R. Civ. P. 25(A)."

{¶8} On December 22, 2017, the trial court granted Job and Family Services' Motion to Dismiss. The court ruled:

> The Court agrees with ODJFS that Mapleview lacked standing to file an appeal with this Court on behalf of Evelyn Peck. Although OAC 5160-33, et seq., permits the designation of an Authorized Representative for purposes of applying for Medicaid benefits and for administrative appeals relative to those Medicaid benefits, the Administrative Code does not and cannot authorize

4

Mapleview to file an appeal with the Court of Common Pleas on behalf of Evelyn Peck.

A review of the Authorized Representative Designation purportedly authorizing Mapleview to prosecute the within appeal discloses that Mrs. Peck's son, Mark Ross, authorized one Sharon Robinette, an employee of Mapleview, to act as Mrs. Peck's Authorized Representative. Nothing within the Authorized Representative Designation [sic] is there any provision which could reasonably be interpreted as the grant of authority to Mapleview to prosecute an appeal to the Court of Common Pleas on behalf of Evelyn Peck.

The attempt to substitute Jennifer Coy for Evelyn Peck is to no avail. As stated above, Mapleview lacked standing to file a Notice of Appeal on behalf of Evelyn Peck. The Probate Court's appointment of Jennifer Coy as Special Administrator of Evelyn Peck's Estate does not relate back to and correct the faulty filing of the Notice of Appeal.

{¶9} On December 26, 2017, Attorney Coy on behalf of Peck c/o Coy as the Special Administrator of Peck's Estate filed a Motion for Leave to File an Amended Notice of Appeal.

{¶10} On January 26, 2018, Evelyn Peck c/o Jennifer A. Coy as Special Administrator of the Estate of Evelyn Peck filed a Notice of Appeal. For the sake of

5

convenience, the appellant shall be referred to as Mapleview. On appeal, the following assignments of error are raised:

{¶11} "[1.] The Geauga County Court of Common Pleas abused its discretion by denying Appellant's Motion for leave to file an Amended Notice of Appeal because it failed to consider whether granting leave was in the interests of justice or whether Appellant had acted in bad faith or caused undue delay. Had the Geauga County Court of Common Pleas considered these factors it would have granted leave to file the Amended Notice of Appeal."

{¶12} "[2.] The Geauga County Court of Common Pleas erred in concluding that Appellant lacked standing to pursue an appeal to the Court of Common Pleas. Whether Mapleview had authority to file a Notice of Appeal on behalf of Evelyn Peck is an issue of capacity not standing."

{¶13} "[3.] The Geauga County Court of Common Pleas erred in concluding that Mapleview lacked standing to pursue an appeal of an administrative appeal decision to the court of common pleas."

{¶14} "[4.] The Geauga County Court of Common Pleas erroneously determined that the nursing facility lacked organizational standing to pursue an appeal on a resident's behalf."

{¶15} In its first assignment of error, Mapleview argues that the trial court erred in denying the Motion for Leave to File an Amended Notice of Appeal.

{¶16} As Job and Family Services notes, the trial court never ruled on this Motion as it was filed after the appeal had been dismissed. With respect to this Motion, there is no judgment for this court to review. The issue of whether the trial court

6

retained jurisdiction to Rule on the Motion, raised by Job and Family Services, need not be decided. *Minnillo v. Friedland*, 8th Dist. Cuyahoga No. 100359, 2014-Ohio-33, ¶ 8 ("[t]he termination of jurisdiction principle is that when a case is dismissed or reaches final judgment, the trial court loses authority to proceed with any aspect of the case").

**{¶17}** The first assignment of error is without merit.

**{¶18}** The next three assignments of error challenge the trial court's dismissal of the administrative appeal and will be considered jointly.[2]

**{¶19}** Although the issue has been presented in terms of standing, we agree with Mapleview that the issue is not whether it has been adversely affected by a decision of Job and Family Services so as to have standing to bring the appeal. *Rollman & Sons Co. v. Bd. of Rev. of Hamilton Cty.*, 163 Ohio St. 363, 365, 127 N.E.2d 1 (1955) ("one who is not injured thereby cannot question the validity of a statute or an order of an administrative body"). The underlying administrative appeal was not initiated in Mapleview's name but on behalf of Peck by Mapleview through Mapleview's counsel, Jennifer Coy. The issue is not whether Mapleview had standing, but whether Mapleview/Coy was duly authorized by Peck to file on her behalf. *See T. Ryan Legg Irrevocable Trust v. Testa*, 149 Ohio St.3d 376, 2016-Ohio-8418, 75 N.E.3d 184, ¶ 15 ("[w]hen an attorney files an appeal, it is presumed he has the requisite authority to do so") (citation omitted).

**{¶20}** Accordingly, Job and Family Services' reliance on *Harrison v. Pub. Util. Comm.*, 134 Ohio St. 346, 347, 16 N.E.2d 943 (1938), for the proposition that "[u]nless a statute otherwise provides it is fundamental that no one can appeal from an order to which he is not a party," is inapposite. Mapleview did not initiate the administrative

---

2. At oral argument, counsel for Mapleview withdrew the third assignment of error.

appeal to vindicate its own rights but those of Evelyn Peck. This much is evident from the Administrative Appeal Decision being appealed.

{¶21} As Mapleview's authority to act on behalf of Peck is dependent upon written authorization, Ohio Adm.Code 5160-1-33(A)(3), we shall review the construction of the writing under the de novo standard proper for the construction of other written documents. *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576, 697 N.E.2d 208 (1998).

{¶22} The underlying administrative appeal arose from Mapleview's efforts to obtain an undue hardship exemption to a restricted Medicaid coverage period (or RMCP) limiting Peck's award of long term care facility benefits. R.C. 5163.30(C)(1) ("[a]n institutionalized individual may be granted a waiver of all or a portion of the period of ineligibility to which the individual would otherwise be subjected * * * if the ineligibility would cause an undue hardship for the individual"). "The individual, his or her authorized representative, or with the consent of the individual or his or her authorized representative, the nursing facility in which the individual resides, may request an undue hardship exemption." Former Ohio Adm.Code 5160:1-3-07.2(N)(3).[3]

{¶23} On November 2, 2016, Mark Ross executed an Authorized Representative Designation Form, designating Sharon Robinette as an Authorized Representative for Applicant/Recipient Evelyn Peck.[4] The Form contains a space where the Applicant/Recipient is to "CHECK ITEMS WHERE YOU WANT THE AUTHORIZED

---

3. The regulations establishing the exemption are now, with changes, found at Ohio Adm.Code 5160:1-6-06.6.

4. The execution of the Designation Form is peculiar in that the Applicant/Recipient is identified as Evelyn Peck yet the box designated Signature of Applicant/Recipient is signed by Mark G. Ross – presumably in his capacity as power of attorney or authorized representative although this is not indicated on the Form. Also, the designated Authorized Representative is identified as Sharon Robinette – apparently in her individual capacity inasmuch as there is no indication on the Form that she has any connection with Mapleview.

8

PERSON TO ASSIST YOU." *See* Ohio Adm.Code 5160-1-33(A)(3) ("[t]he designation of an authorized representative * * * must identify what duties the individual is authorizing the representative to perform").

{¶24} The following items were checked: "Receive instructions and/or correspondence on my behalf" and "Provide information, documentation, and/or verification about my case as determined necessary by Geauga County Job & Family Services ('GCJFS')."

{¶25} The following items were not checked: "File an application on my behalf"; "Represent me in a State or local Hearing involving GCJFS or the Ohio Department of Job & Family Services ('ODJFS')"; "Represent me in an interview"; "To act on my behalf for any public assistance provided through SCDJFS [sic] and regarding any follow-up information or actions concerning my continuing eligibility for services"; "Explain my Rights and Responsibilities to me"; and "Other (*specify*)."

{¶26} In a December 21, 2016 letter to Geauga County Job and Family Services, Mapleview, "as authorized Rep," was "requesting the Restricted Medicaid against Evelyn Peck be reversed."

{¶27} We agree with the trial court that nothing in the Authorized Representative Designation Form could reasonably be construed as authorizing Mapleview to prosecute an appeal on Peck's behalf or even to seek the undue hardship exemption. The Form did nothing more than authorize Robinette (presumably on behalf of Mapleview) to receive instructions and/or correspondence on Peck's behalf and provide information, documentation, and/or verification as required by Geauga Job and Family Services. *CommuniCare, LLC v. Dungey*, S.D.Ohio No. 2:17-cv-934, 2018 WL

9

1762445, *5 (Apr. 12, 2018) (lawsuit filed by nursing facility on behalf of client was dismissed where "none of the language of the authorized representative form allows for such a lawsuit"). On this basis, we affirm the decision of the court below.

**{¶28}** At oral argument, counsel for Mapleview conceded that the Authorized Representative Designation Form was defective in that it did not authorize Mapleview to act on behalf of Peck. Counsel maintained, however, that the lower court should have allowed Mapleview to "correct" or "ratify" this defect by granting its Motion for Substitution of Party–Deceased Plaintiff.

**{¶29}** Mapleview's argument is unavailing for several reasons. The Motion for Substitution was filed pursuant to Civil Rule 25(A), which provides for the survival of claims following the death of a party, and not Civil Rule 17(A), which provides that an action shall not be dismissed on the ground that it is not prosecuted in the name of the real party in interest unless an opportunity is allowed "for ratification of commencement of the action by * * * the real party in interest." Mapleview neither availed itself of Civil Rule 17(A) in the lower court nor sought leave to "correct" or "ratify" the Authorized Representative Designation Form.

**{¶30}** Even if its Motion for Substitution had been based on Civil Rule 17(A), it would not have cured the defect in the Authorized Representative Designation Form. As noted above, the administrative appeal was properly filed in the name of Evelyn Peck, the real party in interest at that time. By the time the Motion for Substitution was

10

filed, Peck had died and there was no possibility of "ratifying" the Form and having such ratification relate back to the filing of the appeal.[5]

**{¶31}** Job and Family Services argues that the lower court's decision should be affirmed because an authorized representative may never, under any circumstances, initiate an appeal on behalf of an applicant/recipient to the court of common pleas under R.C. 5101.35(E). Job and Family Services cites the language of the statute that "[a]n appellant who disagrees with an administrative appeal decision of the director of job and family services or the director's designee * * * may appeal from the decision to the court of common pleas." An "appellant" is defined as "an applicant, participant, former participant, recipient, or former recipient of a family services program." R.C. 5101.35(A)(2). Job and Family Services maintains that, since an authorized representative is not expressly included within the definition of an "appellant," such a representative may not be authorized to initiate an appeal under R.C. 5101.35(E).

**{¶32}** Job and Family Services also relies on federal Medicaid regulations that an authorized representative's ability to act on behalf of the applicant/recipient is limited to "matters with the agency" (42 C.F.R. 435.923(b)(4)), and various common pleas court decisions adopting its position. Since we do not find Job and Family Services' arguments on this issue conclusive and since it is not necessary to adopt such a broad holding to affirm the lower court's decision, we decline to do so.

**{¶33}** The second and fourth assignments of error are without merit.

---

5. Although counsel for Mapleview spoke of ratifying the Authorized Representative Designation Form, in fact a new Form, authorizing Mapleview to represent Peck and act on her behalf before Job and Family Services, would have had to be executed.

11

{¶34} For the foregoing reasons, the decision of the Geauga County Court of Common Pleas dismissing the administrative appeal on behalf of Evelyn Peck is affirmed.  Costs to be taxed against the appellant.


THOMAS R. WRIGHT, P.J.,

TIMOTHY P. CANNON, J.,

concur.